# GARFIELD MEMORIAL HOSPITAL *v.* MACFARLAND.

APPEALS; WAIVER; EMINENT DOMAIN; TAXATION; COURTS; JURISDICTION.

1. Where the assignments of error on an appeal from an order confirming an award in condemnation proceedings are comprehensive enough to bring up all the exceptions taken by the appellant to the verdict, but counsel for the appellant discusses but three points in his brief, all other questions raised by the exceptions and preserved by the assignments of error will be deemed to have been waived.

2. The supreme court of the District of Columbia, sitting as a District court, in a hearing of condemnation proceedings under the act of Congress of June 6, 1900 (31 Stat. at L. 665, chap. 809), providing for street extension in the city of Washington, has not the power or jurisdiction to determine whether certain land against which an assessment for benefits is made by the jury is exempt from assessment, as the statute requires all lands benefited to be assessed. If the land so assessed is exempt, and an attempt made to enforce the assessment, the question of exemption can be then raised and determined.

No. 1845.    Submitted April 14, 1908.    Decided June 2, 1908.

HEARING on an appeal by one of several respondents to a petition for the assessment of benefits in condemnation proceedings, from an order of the Supreme Court of the District of Columbia, sitting as a District Court, confirming a verdict of the jury.                                *Affirmed.*

The COURT in the opinion stated the facts as follows:

This cause arises from proceedings for the condemnation of land in the city of Washington for the purpose of extending Eleventh street, Northwest. The case comes here on appeal from [an order of] the supreme court of the District of Columbia, sitting as a district court, ratifying and confirming

the verdict of a jury assessing benefits against certain property belonging to appellant, the Garfield Memorial Hospital, a corporation, and abutting on said street.

The original petition for condemnation was filed by the commissioners of the District of Columbia [the appellees] on May 31, 1899. A jury was thereafter summoned by order of the court, to assess damages. The jury proceeded, under instructions of the court, and, on February 16, 1900, filed its verdict. The verdict was finally ratified in so far as it related to damages awarded, but vacated in so far as it related to the assessments for benefits. On appeal to this court, the order was reversed in so far as it affected the assessments of benefits. The commissioners then moved the court to confirm the assessments of benefits, but the court, after hearing exceptions filed by the owners of the land assessed, denied the motion.

Congress, by an act approved June 6, 1900, authorized and directed the commissioners, in case the assessment for benefits should be declared void, to apply to the court below for a reassessment of the same. On June 17, 1904, the court ordered the commissioners to proceed in conformity with that act. The commissioners accordingly filed a petition praying the court to cause public notice thereof to be given, and to appoint a jury "to reassess such amount of the amount heretofore found to be due and awarded as damages for and in respect of the land condemned for the extension of Eleventh street  *  *  *  as benefits, and to the extent of such benefits, against those pieces or parcels of land which have been benefited by the extension of said Eleventh street." On November 28, 1904, the court made an order directing that public notice be given as prayed for, and directed the marshal to summon a jury. Publication of notice was made, and a jury summoned, in conformity with this order. On June 6, 1906, the jury filed its verdict. Among other assessments of benefits, the jury found "against Garfield Hospital, with a frontage of 562.48 feet on Eleventh street to a depth of 200 feet—$6,700." Within the time provided by statute after the filing of this verdict, the appellant filed exceptions to it, showing, among other things: "(1) The verdict

and assessment sought to be imposed were unjust because, the said hospital being an institution of purely public charity, conducted without charge to inmates, profits, or income, its property was by law exempt from taxation.   (2) The verdict and assessment were unjust because all of the land owned by the said hospital, abutting on Eleventh street extended, was purchased for it by the United States pursuant to the act of Congress, approved · June 28, 1902, entitled 'An Act Making Appropriations for Sundry Civil Expenses of the Government for the Fiscal Year, Ending June 30th, 1903' (32 Stat. at L. 467, chap. 1301), and, by the terms of the said act, the said hospital was relieved from the assessment sought to be imposed upon the said land, and the said assessment was made a charge upon the District of Columbia.   (3) That the assessment sought to be levied against the said hospital was excessive and unreasonable for that it did not own the land in question in fee simple, and its right or title with respect thereto was limited by law to the use of the said land for hospital purposes, without the right to participate in the proceeds of any sale or lease thereof, or otherwise to benefit by any enhancement in the value of the same." Thereafter, the commissioners moved the court to finally ratify and confirm the verdict and assessment. On hearing, the motion was granted, and the exceptions overruled. From the order of the court granting the motion and overruling the exceptions, this appeal is prosecuted.

*Mr. James H. Hayden* for the appellant.

*Mr. Edward H. Thomas,* Corporation Counsel, and *Mr. James Francis Smith,* Assistant, for the appellees.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

The exceptions to the verdict set forth numerous objections, and the assignments of error are comprehensive enough to bring up all the exceptions, but counsel for appellant has dis-

cussed but three points in his brief. Hence, all other questions raised by the exceptions and preserved by the assignments of error will be deemed to have been waived.

It is insisted that, under the general law of the District of Columbia, the land in question is exempt from taxation or assessment of any sort. Section 7, chapter 65, D. C. Comp. Stat. provides: "The property exempt from taxation under this act shall be the following, and no other, namely: First, the Corcoran Art Building, free public library buildings, churches, the Soldiers' Home, and grounds actually occupied by such buildings; secondly, houses for the reformation of offenders, almshouses, buildings belonging to institutions of purely public charity, conducted without charge. to inmates, profit, or income."

The second contention of appellant is to the effect that it was especially exempted from liability for this assessment by the act of Congress providing for the purchase of the land in question from the heirs of one M. H. Schneider. The act (32 Stat. at L. 419–467, chap. 1301) provided: "For the purchase of lands belonging to heirs of M. H. Schneider, adjoining the present Garfield Memorial Hospital land on the west from the boundary street back to Clifton street in Washington, District of Columbia, containing about 67,000 square feet, $50,000 to be expended under the direction of the commissioners of the District of Columbia, one half of which sum shall be paid from the revenues of the District of Columbia and the other half from the Treasury of the United States: Provided, That the land shall be graded by present owners to an elevation satisfactory to the trustees of the above hospital; and Provided, further, that the District of Columbia assume all special assessments pending against said lands of the heirs of M. H. Schneider."

It is insisted, in the third place, that the title to the land in question is in the United States, and not in the appellant; that, should appellant cease to use it for hospital purposes, it would immediately revert to the United States; and that,

being the property of the general government, it is exempt from this assessment.

At this point, we are confronted with a question of jurisdiction. It is contended by counsel for appellee that the supreme court of the District of Columbia, sitting as a district court, under the act of Congress providing for the imposition of these assessments (31 Stat. at L. 665, chap. 809), had no power to decide questions relating to exemptions. This was the view taken by the court below. The learned justice, in his opinion, said: "The statute directs the jury to assess the benefits on the pieces or parcels of land benefited by such extension, and the amount of the assessment for such benefits against the same; and the court has power to hear and determine objections filed to the verdict and award, and to set aside or vacate the same, in whole or in part, when satisfied that it is unjust or unreasonable; but there seems to be no jurisdiction given the district court thereby to say what lands, if any, are exempt; and no discretion appears to be given to the jury to leave out of their consideration any lands because the title to the same may be in the hospital, or even in the municipal government, or in any church society, or other institution, which might be exempt from taxation. If the hospital is exempt, or if the District commissioners, under the tenure by which the hospital holds the said lands, are obliged to assume the assessment, then that question can be disposed of after confirmation of the verdict; and, therefore, without deciding whether the hospital is required to pay these assessments, or is exempt from them, I am constrained to overrule the exceptions and to confirm the award, notwithstanding the argument of counsel in behalf of the hospital."

With this conclusion, we agree. The trial court, sitting as a district court, was limited in its jurisdiction to the consideration of only such matters as were before it under the express terms of the statute. We are of the opinion that the power to pass upon the question of exemptions was not conferred by the statute. It may be suggested that any attempt to enforce this assessment may be met by the appellant in a way which will

necessitate the consideration of these matters. However, they are not properly before us at this time.

The judgment is affirmed with costs, and it is so ordered.

*Affirmed.*

A writ of error to the Supreme Court of the United States was allowed June 16, 1908.