BRIGGS v. BROWNLOW et al.

(Court of Appeals of District of Columbia. Submitted April 7, 1920. Decided May 3, 1920.)

No. 3316.

1. **District of Columbia 16—Credit allowed for value of land dedicated at time of future condemnation.**

   Under Code of Law D. C. 1901, § 491g, requiring the jury, in assessing benefits to a tract of land from opening a street, to consider the value of any part thereof previously dedicated by the owner, the valuation of the dedicated part is to be determined as of the date of the subsequent condemnation, not the date of dedication; otherwise the owner would be chargeable with the increased valuation of the part not dedicated, without receiving credit for a similar increase in value of the part dedicated.

2. **District of Columbia 16—Evidence of topographical situation of proposed street should be introduced.**

   Under Code of Law D. C. 1901, § 491g, requiring the jury, in assessing benefits for a street extension, to consider the respective topographical conditions, evidence should be introduced in proceedings to condemn land for a street extension to show the proposed grade of the street and the other topographical conditions.

3. **District of Columbia 12—Commissioners have discretion to make authorized street extension at an angle.**

   The commissioners have discretion, in making the street extension authorized by Act Sept. 1, 1916, c. 433, 39 Stat. 688, to make the extension at an angle with the line of the existing street between the designated terminal streets; it not being necessary that the extension continue the existing street in a straight line.

4. **District of Columbia 16—Jury may be allowed second view after evidence.**

   The view by the jury in condemnation proceedings allowed by Code of Law D. C. 1901, § 491e, is to enable them to exercise their own judgment, derived from personal knowledge, as well as from the opinion evidence, and it was not error to permit a second view of the premises by the jury, after hearing the evidence, when they could better apply the evidence to the facts.

Appeal from the Supreme Court of the District of Columbia.

Proceeding by Louis Brownlow and another against Alice C. W. Briggs for the condemnation of land necessary for a street extension. From a judgment of condemnation, defendant appeals. Reversed and remanded.

For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Fulton Lewis and Wm. C. Sullivan, both of Washington, D. C., for appellant.

C. H. Syme, Corp. Counsel, and J. F. Smith and F. H. Stephens, Assts. Corp. Counsel, all of Washington, D. C., for appellees.

ROBB, Associate Justice. Appeal from a judgment in the Supreme Court of the District condemning land necessary for the extension of Kenyon street, from Seventeenth street to Mt. Pleasant Street, under authority of the Act of September 1, 1916, c. 433 (39 Stat. 688), which makes applicable subchapter 1 of chapter 15 of the District Code, and authorizes the commissioners, within six months, to have condemned—

"the land that may be necessary for the extension of Kenyon Street Northwest, from Seventeenth street to Mt. Pleasant street, with a width of eighty feet: Provided, however, that the entire amount found to be due and awarded by a jury in said proceeding as damages for and in respect of the land to be condemned for said extension, plus the costs and expenses of the proceedings hereunder, shall be assessed by the jury as benefits."

[1] In 1893 appellant dedicated 136,026 square feet of land for the opening of Kenyon street. In this proceeding, for the extension of that street, the condemnation of but 17,537.28 square feet was sought. Appellant offered to prove the value of such dedicated land at the time of the hearing, but, on objection by the District, the evidence was restricted to the value at the time of the dedication in 1893. This ruling is assigned as error.

Section 491g of subchapter 1 of chapter 15 of the Code provides:

"And where any part of any lot, piece, parcel, or tract of land has been dedicated for the opening, extension, widening, or straightening of the street, avenue, road or highway, the jury, in determining whether the remainder of said lot, piece, parcel, or tract is to be assessed for benefits, and the amount of benefits, if any, to be assessed thereon, shall also take into consideration the fact of such dedication and the value of the land so dedicated."

The jury found benefits resulting from the proposed extension of Kenyon street to equal $13,660.36 in value. Of this sum $9,020.36 was assessed upon parcels of land on either side of Kenyon street, comprising parts of the tract of land out of which the dedication of 1893 was made. In computing benefits, the present value of these various parcels of land was considered; but in fixing the value of the land theretofore dedicated the jury were restricted to the date of the dedication. In other words, benefits were assessed as of the date of the condemnation, while the value of the land dedicated was fixed as of a date some 15 years earlier. That this was not equitable is apparent, and if the statute reasonably lends itself to a different interpretation, that interpretation should be adopted.

We think it was the intent of Congress that the adjustment should be as of the date of the condemnation. Had appellant made no dedication in 1893, and her land had been included in this proceeding, obviously its value would have been fixed as of the present. Can it be that Congress intended to discriminate against one whose volun-

tary dedication results in a public benefit? We think not. In the present case Kenyon street was opened as far as Seventeenth street by reason of appellant's dedication. In determining the value of the land to be condemned in this proceeding, the jury took into consideration, of course, the advantages resulting from the opening of Kenyon street to Seventeenth street; that is to say, the benefits resulting from appellant's dedication. More than two-thirds of the aggregate amount awarded as damages was assessed, as we have seen, against parcels of land included in the tract from which the dedication was made. Appellant, therefore, was discriminated against, by being required to contribute toward the present value of the land condemned, although credit for similarly situated land dedicated by her was given as of the much earlier date of dedication. We are of the view that the value of the land dedicated, as well as the value of the land condemned, should be considered as of the date of condemnation. All of it is within the affected area. This view, not only does no violence to the words of the statute, but effectuates its apparent intent and purpose by placing a public-spirited citizen, who dedicates his land for a public purpose, upon an equal basis with those who compel the District to resort to condemnation.

[2] No evidence was offered—

"to prove that an official grade had been established for Kenyon street in the area of said extension, or to prove the topographical conditions of the lots, pieces, or parcels of land which the jury might find to be benefited by said extension."

Section 491g requires the jury, in determining the amount to be assessed as benefits, to—

"take into consideration the respective situations and topographical conditions of said lots, pieces, or parcels of land, and the benefits and advantages they may severally receive from the opening, extension, widening, or straightening of the street, avenue, road, or highway."

It is the contention of appellant that, to enable the jury to take into consideration "the respective situations and topographical conditions" of the land with reference to the extension of this street, evidence should have been offered as to the grade of the extension. We think this contention in harmony with the requirements of the statute. The grade of the street certainly is an element to be considered by the jury in determining both the damages and benefits, and appellant was interested in each.

[3] The commissioners were authorized to institute a proceeding "for the extension of Kenyon Street Northwest, from Seventeenth street to Mt. Pleasant street." This proceeding contemplates that the extension, for reasons satisfactory to the commissioners, shall be at an angle. It is the contention of appellant that the commissioners exceeded their authority under the statute in not making the extension in a straight line. While it is true that "all affirmative acts prescribed by the statute in perfecting the proceeding must be shown to have been complied with by the parties authorized to take and pros-

ecute the proceeding" (Lynchburg Invest. Co. v. Rudolph, 40 App. D. C. 129, 131), we are not prepared to say that the statute did not authorize the commissioners to exercise reasonable discretion in locating the extension of this street. There being no evidence of an abuse of discretion, judicial interference is not justified. Wash. R. & E. Co. v. Newman, 41 App. D. C. 439.

[4] We next will consider appellant's contention to the effect that the jury should not have been permitted a view of the land and premises affected by this proceeding after the evidence had been introduced. The statute (section 491e) authorizes the jury, after it shall have been organized, to view and examine "the land and premises affected by the condemnation proceedings." The purpose of this provision is to enable the jury—

"to exercise its own judgment, derived from personal knowledge from a view of the premises, as well as from the opinion evidence which might be brought before them." Columbia Heights Realty Co. v. Rudolph, 217 U. S. 547, 560, 30 Sup. Ct. 581, 54 L. Ed. 877, 19 Ann. Cas. 854; Wash. R. & E. Co. v. Newman, 41 App. D. C. 439, 445.

Certainly the jury, after hearing the evidence, could the better apply it by a second view of the premises, and it was not error to permit that view.

The court properly instructed the jury as to the burden of proof and that only actual special benefits could be taken into consideration.

The judgment is reversed, with costs, and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.