**DOUGHERTY et al., District Commissioners, v. GALLIHER et al.**

Court of Appeals of District of Columbia.

Submitted April 5, 1928.   Decided May 7, 1928.

No. 4658.

1. Eminent domain ⬡➞7—Commissioners of District of Columbia cannot acquire land by condemnation without express authority of Congress.

Commissioners of the District of Columbia have no power to acquire land by condemnation, except by express authority of Congress.

2. District of Columbia ⬡➞12—Commissioners of District of Columbia were unauthorized to widen 60-foot street, with 15-foot restriction on each side, by adding 45 feet to one side only (Act May 31, 1900, § 2, 31 Stat. 248).

Where, pursuant to section 2 of the Act May 31, 1900 (31 Stat. 248), providing highway plan

for the District of Columbia, a street 60 feet in width was dedicated to the District, with building restriction line 15 feet distant from each side, the commissioners were not thereafter authorized to widen such street to a 120-foot width by the addition of 45 feet to one side thereof, since 15-foot space, though subject to certain uses by District, did not constitute part of street for all purposes.

Appeal from the Supreme Court of the District of Columbia.

Condemnation proceeding by Proctor L. Dougherty and others, Commissioners of the District of Columbia, against Charles H. Galliher and others. Decree of dismissal, and petitioners appeal. Affirmed.

W. W. Bride and E. W. Thomas, both of Washington, D. C., for appellants.

D. D. Drain and P. E. Lesh, both of Washington, D. C., for appellees.

Before ROBB and VAN ORSDEL, Associate Justices, and SMITH, Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. Appeal from a decree in the Supreme Court of the District dismissing appellants' petition for the condemnation of land for the widening of Madison street, between Concord avenue and North Capitol street, in this District. The case was heard on petition and answer. The facts as disclosed by the pleadings are substantially as follows:

Pursuant to the provisions of the Act of March 2, 1893 (27 Stat. 532), as amended by the Act of June 28, 1898 (30 Stat. 519), there was adopted and recorded a plan on which Madison street (then Genesee street), between Concord avenue and North Capitol street, was shown as a street 90 feet in width. Section 2 of the Act of May 31, 1900 (31 Stat. 248), provided:

"That in order to facilitate the extension of streets and encourage the donation of land in accordance with the plans for the permanent system of highways, the commissioners of the District of Columbia be, and they are hereby, authorized, whenever in their judgment it may seem proper, to accept the dedication of streets shown on said plans, and record same, under the following conditions, namely: Streets which are shown as ninety feet in width on said plans may be accepted with a width of not less than sixty feet: Provided, that the parties dedicating same agree to establish building restriction lines to agree with the street lines as shown on said plans; and streets shown on said plans as one hundred and twenty feet or more in width may be accepted with a width

of not less than ninety feet: Provided, that the parties dedicating same agree to establish building restriction lines to agree with the street lines as shown on said plans: And provided further, that the space between the street lines, as established under the terms hereof, and the building restriction lines shall be considered as private property set aside and to be used for parking purposes: But provided further, that the parties so dedicating shall agree that said parking shall be subject to the regulations of said commissioners in regard to height of parking and the projection of buildings beyond the building line, and that the District of Columbia shall have a right of way through said parking for sewers and water mains free of cost, and to lay thereon sidewalks, if, in the judgment of said commissioners, the space between street lines is not sufficient to admit the construction of such sidewalks within said lines."

Thereafter the predecessors in interest of appellees, who then owned the land through which Madison street, between Concord avenue and North Capitol street, was platted, subdivided it into squares and streets, under which the width of Madison street between the points mentioned was fixed as 60 feet, with a building restriction line 15 feet distant from each side. On May 13, 1925, the plat of this subdivision was certified as correct, and on June 11, 1925, was recorded by the surveyor of the District in Surveyor's Book 78, at page 37.

On October 15, 1926, the commissioners of the District approved a plat (prepared by the surveyor of the District) in the following terms: "Under authority conferred by Public Act No. 435, approved March 4, 1913 [37 Stat. 938], we, the commissioners of the District of Columbia, hereby approve the change in the first section of the Permanent System of Highways Plan by widening Madison street to 120 feet, as shown hereon by heavy dotted lines. We hereby certify that the change in the Permanent System of Highways Plan, as shown hereon, is in accordance with the above-mentioned act, and that in our judgment the public interests require the change shown hereon." Thereafter the proceedings herein were instituted for the condemnation of 45 feet of land, including the 15 feet of parking space, on the south side

of Madison street between the points mentioned.

It is the contention of appellants that the addition of 45 feet to the south side of this street will make it 120 feet in width in conformity with the present highway plan.

[1, 2] It is settled law that the commissioners of the District have no power to acquire land by condemnation, except by express authority of Congress. Walter v. Macfarland, 27 App. D. C. 182; Fay v. Macfarland, 32 App. D. C. 295. The single question before us, therefore, is whether the addition of 45 feet to one side of this street will make it a street 120 feet in width. Originally this street was shown on the plat as a 90-foot street. "To facilitate the extension of streets and encourage the donation of land in accordance with the plans for the permanent system of highways" (Act of May 31, 1900, 31 Stat. 248), Congress authorized the commissioners to accept streets, which were shown as 90 feet in width on such plans, at a width of not less than 60 feet: "Provided, that the parties dedicating same agree to establish building restriction lines to agree with the street lines as shown on said plans." This street was so accepted as a street 60 feet in width, the owners having established building restriction lines as provided in the act.

The space between the street lines as established and the building restriction lines, the act provided, should "be considered as private property set aside and to be used for parking purposes." This parking space on the south side of the street is treated in appellants' petition as private property, for it is included in the land to be condemned; but, in order to make the street 120 feet in width, the parking space on the north side is treated in the petition as public property, although it is of precisely the same character as that on the south side. What the District is attempting to do, therefore, is to add 45 feet to a 60-foot street, which would make a street 105 feet in width, and not 120 feet, as required by the permanent highways plan. The 15 feet on the north side is, under the Act of May 31, 1900, subject to certain uses by the District, but it is not a part of the street for all purposes. So to hold would nullify the express provisions of the act.

The decree is affirmed, with costs.

Affirmed.