MITCHELL et al. v. REICHELDERFER et al., Commissioners of District of Columbia.

No. 5274.

Court of Appeals of District of Columbia.
Argued Jan. 7, 1932.
Decided Feb. 23, 1932.

Fred B. Rhodes and Marcus Borchardt, both of Washington, D. C., for appellants.

William W. Bride and Vernon E. West, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

This is an appeal from an order of the lower court ratifying and confirming the verdict of a jury in a condemnation case.

On May 13, 1928, the commissioners of the District of Columbia filed a petition under the provisions of subchapter 1 of chapter 15 of the Code of Laws for the District of Columbia (D. C. Code 1929, T. 25, § 52 et seq.), seeking the condemnation of land for the extension of Irving street between Eighteenth and Twentieth Streets Northeast, and for the widening of Eighteenth street between Irving and Jackson Streets Northeast.

Among the lands sought to be condemned were two tracts belonging, respectively, to Lloyd H. Van Kirk and Guy V. Collins. Notice of the proceeding was served personally upon them as required by section 491c of the D. C. Code (D. C. Code 1929, T. 25, § 54).

Public notice also was regularly given of the proceeding by advertisement in three daily newspapers published in the District, warning and requiring "all persons having any interest in the proceeding" to appear in court at a day named in the notice, and to continue in attendance until the court shall have made its final order ratifying and confirming the award of damages and the assessment of benefits by the jury as provided by the act.

A lawful jury was then impaneled, sworn, and instructed by the court, and, after viewing the premises and hearing testimony, the jury on December 9, 1929, returned its verdict awarding damages for the lands taken, and assessing certain amounts against various parcels of land for benefits from the improvement.

On December 28, 1929, Van Kirk and Collins, being the only appellants whose lands were taken by condemnation, filed objections and exceptions to the verdict of the jury, both as to the amount of the damages allowed for the lands taken and as to the assessments for benefits levied against other lands owned by them. These objections and exceptions were overruled by the court on April 4, 1930.

On April 10, 1930, the court, in conformity with the Act of Congress of May 29, 1928, 45 Stat. 953 (D. C. Code 1929, T. 25, § 71), gave lawful notice to the owners of lands which were assessed for benefits, of the amount of such assessments, and ordered "that objections or exceptions to said verdict of property owners assessed for benefits (no part of whose land was condemned in this proceeding) be filed in said cause on or before the 25th day of April, 1930."

Thereupon on April 24 and 25, 1930, appellants Touey, Demas, and Mitchell, who were not owners of any land taken by the condemnation but owned lands which were assessed for benefits, filed their respective objections and exceptions to the assessments found by the jury. The court, however, overruled all objections and exceptions respecting benefits charged against the several tracts owned by appellants, and ratified and confirmed the verdict. These appeals were then taken.

Two propositions are urged by appellants in support of their appeal: First, a claim that appellants were entitled to have their objections on the question of benefits heard by the condemnation jury; and, second, that the amounts assessed as benefits were excessive and not commensurate with the actual benefits to their properties.

The first of these claims is not sustained by the law. The mere filing of objections and exceptions to the verdict of a condemnation jury does not entitle a property owner to reopen and retry the case to the same or another jury. The procedure in relation to such complaints is governed by section 491h of the D. C. Code (D. C. Code 1929, T. 25, § 59), which provides as follows: "The said court shall hear and determine any objections or exceptions that may be filed to any verdict of the jury and shall have power to vacate and set any verdict aside, in whole or in part, when satisfied that it is unjust or unreasonable, in which event the court shall order the jury commission to draw from the special box the names of as many persons as the court may direct, and from among the persons so drawn the court shall thereupon appoint a new jury of five capable and disinterested persons, who shall proceed to ascertain the damages or assess the benefits, or both, as the case may be, in respect of the land as to which the verdict may be vacated, as in the case of the first jury.  *  *  * "

The procedure thus provided designs to give personal notice of the proceeding to those whose lands may be taken for the improvement, and to give notice by publication to all other persons having any interest in the proceeding, and, in event of dissatisfaction by any such person with the verdict, to permit of the filing of objections and exceptions against the assessments of damages or benefits. Such objections and exceptions, however, are in the nature of a motion for a new trial, and are not to be tried by the condemnation jury, but are to be heard by the court, upon affidavits if such are filed, and only in case they are sustained by the court shall another jury be impaneled to retry the issue. Clapp v. Macfarland, 20 App. D. C. 224, 230. Moreover the provision for separate ju-

418

ries to try such issues is permissible. "Whether the estimate of damages and the assessment of benefits shall be intrusted to the same or to different commissioners is a matter wholly within the decision of the legislature, as justice and convenience may appear to it to require." Bauman v. Ross, 167 U. S. 548, 17 S. Ct. 966, 983, 42 L. Ed. 270.

In Wight v. Davidson, 181 U. S. 371, 382, 21 S. Ct. 616, 45 L. Ed. 900, upon facts similar to those in this case, the owners whose lands were assessed for benefits claimed that the acts under which the proceeding was had were unconstitutional, upon the ground that they contained no provision for notifying the owners of property to be assessed in advance of the assessment, nor at any time pending the consideration thereof by the condemnation jury, nor any mode whereby the objections of the owners whose land is sought to be charged could be heard or considered, or by which any objection to the assessment might be made effective. The Supreme Court overruled this contention, and sustained the validity of assessments founded upon a procedure similar to that pursued under the statutes in the present case.

In Wilkinson v. Dougherty, 58 App. D. C. 81, 24 F.(2d) 1007, 1011, we held that assessments for benefits levied in a condemnation proceeding against the owners of property who had no notice at any stage of the proceeding were void. In the opinion by Mr. Justice Robb it is said: "Moreover, there is no practical reason why, after the jury has returned its verdict and before its confirmation, the procedure followed in Wight v. Davidson should not be followed and actual notice be served upon those against whom assessments have been made, that they may show cause, if any they have, why the verdict should not be confirmed. * * * It is thus apparent that had actual notice been given appellant after the return of the verdict, he could have protected his interests through the filing of objections or exceptions."

In the instant case each of the appellants had lawful notice of the proceeding prior to any action taken by the court therein. Van Kirk and Collins were served personally with timely notice. The public notice required by section 491c, supra, was duly given. Mitchell, Touey, and Demas were served with notice after the return of the verdict of the assessments for benefits upon their lands, as required by Act of Congress approved May 29, 1928, supra. Acting upon such notice, the appellants filed their objections and exceptions, which were duly considered and decided by the court. All had their day in court. Wight v. Davidson, supra.

As to the questions of fact raised by appellants concerning the amounts found by the jury for damages and benefits, it need only be said that the record does not present evidence sufficient to sustain the objections and exceptions of appellants to the verdict.

The order of the lower court is therefore affirmed, with costs.