**NEALY et al. v. HAZEN et al., Com'rs of District of Columbia.**

**No. 5962.**

Court of Appeals of the District of Columbia.

Reargued April 2, 1934.

Decided May 14, 1934.

Rehearing Denied June 11, 1934.

C. Clinton James, Frank J. Ehrhardt, Paul E. Lesh, and Dion S. Birney, all of Washington, D. C., for appellants.

William W. Bride, Vernon E. West, and Walter L. Fowler, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

VAN ORSDEL, Associate Justice.

The Commissioners of the District of Columbia filed a petition in the Supreme Court of the District for the condemnation of land for the widening of Van Ness street, and for the assessment of benefits. Notice of the condemnation proceedings was published as required by the statute, and the owners of the property sought to be taken were personally served with notice. No notice, however, was served on any of the appellants, and consequently none of them appeared or participated in the condemnation proceedings.

The verdict fixing the damages and assessing benefits against the property of appellants was filed August 10, 1932; and thereafter, on August 31, an order was entered ratifying and confirming the verdict, "except as to benefits assessed against land, no part of which was taken in this proceeding." This exception related to the land of the appellants which had been assessed for benefits. Thereafter, in accordance with the act of Congress approved May 29, 1928, 45 Stat. 953 (D. C. Code 1929, T. 25, § 71), a notice of the assessment of benefits, with a statement of the amount assessed, was mailed to each of the appellants; and publication was duly made, as required by the statute. Appellants responded to the notice, and filed their exceptions and objections to the verdict within the time fixed

by the court. The court, upon consideration of the exceptions and objections, overruled the same and entered an order ratifying and confirming the verdict and assessments, from which order this appeal was taken.

The land condemned is parts of lots 13 and 801, in square 1831, on the north side of Van Ness street, at the point where it intersects with Wisconsin avenue. It appears that the east 17 feet of the north line of the property condemned, extending through lot 13, to the east line of lot 801, was, by a former dedication of the property, established as a building restriction line. The remaining 72.6 feet of the north line of the property condemned is a prolongation of the building restriction line west through lot 801 to Wisconsin avenue. It is the portions of lots 13 and 801 lying south of the above restriction line which were condemned.

There were two dedications for street purposes affecting the property here involved. The first, dated February 6, 1923, laid out the lots abutting on Van Ness street, and owned by a large group of these appellants. In this dedication the street was fixed at the width of 60 feet, with a parking of 15 feet in width on each side of the street proper, extending the street to the building restriction lines, a width of 90 feet. This dedication fixed the building restriction line on lot 13, but lot 801 was left unaffected by the dedication. By a subsequent dedication of April 23, 1927, Van Ness street was continued through lot 801 at the 60-foot width, but the restriction line was not continued through this property, due probably to the fact that a house was standing thereon and extending out to the 60-foot line, with a corner of the house protruding a short distance into the roadway.

Under the act of Congress of May 31, 1900, 31 Stat. 248, Van Ness street is a highway plan street of 90 feet in width, with a 60-foot roadway, and parking on each side of a width of 15 feet. The second dedication, involving lot 801, included only the street proper, but did not include parking as required by the above statute. The present case is to acquire by condemnation title in fee to the parking in front of lots 13 and 801, not included in the original dedication.

The commissioners proceeded under the act of Congress of May 28, 1926, 44 Stat. 675, D. C. Code (1929), title 25, § 69, which, among other things, provides: "In all condemnation proceedings instituted by the Commissioners of the District of Columbia in accordance with the provisions of sections fifty-two to sixty-five, inclusive, of this title, for

the acquisition of land for the opening, extension, widening, or straightening of * * * any street, avenue, road, or highway, or a part of any street, avenue, road, or highway in accordance with the plan of the permanent system of highways for the District of Columbia, all or any part of the entire amount found to be due and awarded by the jury in said proceedings as damages for, and in respect of, the land condemned for such streets, avenues, roads, or highways, or parts of streets, roads, avenues, or highways, plus all or any part of the costs and expenses of said proceedings, may be assessed by the jury as benefits: Provided, however, That if the total amount of damages awarded by the jury in any such proceedings, plus the costs and expenses of said proceeding, be in excess of the total amount of benefits, it shall be optional with the Commissioners of the District of Columbia to abide by the verdict of the jury or, at any time before the final ratification and confirmation of the verdict, to enter a voluntary dismissal of the cause."

It will be observed that under the provisions of this statute condemnation proceedings may be instituted for widening "a part of any street, avenue, road, or highway in accordance with the plan of the permanent system of highways for the District of Columbia." That is what the Commissioners proceeded to do in this case. They were dealing with a street which had been dedicated in conformity with the highway plan; and undoubtedly the reason for the failure to open and establish the completed street in conformity with the dedication was due to the obstruction caused by the building on lot 801. It was to remove this that the provisions of the statute were invoked.

The owner of lot 13 was awarded $720; and the owner of lot 801 was awarded $10,780. The jury assessed as benefits the sum of $6,882.50, distributed among the several lot and parcel owners, among whom are the appellants.

■ Objection is made and exception taken to the basis of credit accorded in the assessment of benefits to lot owners abutting on Van Ness street for the value of the land dedicated for street purposes. Appellants insist on basing their claim upon the damages awarded to lot 13, in which 512.93 square feet were condemned at a valuation of $720, or $1.40 per square foot. The estimate is not accurate. The amount awarded included, not only damages for land taken, but resulting damage to the small triangular portion of the lot which was left, and which is practically worthless.

The title to the portion of the street dedicated for parking purposes remains in the abutting lot owners, 31 Stat. 248, D. C. Code, 1929, title 12, § 16, and we have held in Briggs v. Brownlow, 49 App. D. C. 345, 347, 265 F. 985, 987, "that the value of the land dedicated, as well as the value of the land condemned, should be considered as of the date of condemnation."

In the present case, the only evidence adduced as to the value of the land dedicated for street purposes was at the rate of 15 cents per square foot, and it was on this basis that the valuation was fixed by the jury. It is difficult to understand how a much greater valuation could be placed upon the parking. Though the title is still in the lot owner, the parking is dedicated to the public use. It is nontaxable, cannot be sold separate and apart from the lot, and adds little or no value to the lot to which it is attached. The court instructed the jury that they should take into consideration "the present value of the land dedicated." No error was assigned relative to this instruction.

The validity of the entire proceeding is assailed by counsel for appellants on the ground that Van Ness street is not a street that conforms to the highway plan, and that the commissioners have no authority to prosecute this proceeding. Dougherty v. Galliher, 58 App. D. C. 166, 26 F.(2d) 538, is relied upon as authority for this contention, but an examination of that case discloses that it was a proceeding to widen the entire street from 90 feet to 120 feet; and the question arose as to the right of the commissioners to condemn land for parking on one side of the street, instead of on both sides, the parking on one side having already been established by an earlier dedication. That case has little or no application to the present case. Here the condemnation proceeding was to widen Van Ness street by removing an obstruction from the street, and condemning parking space for a distance along said street, consisting of the frontage of little more than a single lot. There was no attempt to widen the entire street, as in the Galliher Case, the street being already, without change, in conformity with the highway plan, excepting as to the small portion embraced within this proceeding.

Our attention has been called by appellants to the case of Wilkinson v. Dougherty, 58 App. D. C. 81, 24 F.(2d) 1007, as an authority upholding their contention. The condemnation proceeding in that case was attacked on the ground that it was not in accordance with the highway plan, just as con-

tended in this case, and the right of Wilkinson to attack the propriety of the condemnation proceedings was not contested in that case; however, the court held that the proceedings were in conformity with the highway plan, and consequently it became unnecessary to decide Wilkinson's right to raise the question. The court held the assessment void in that case, because of failure to give Wilkinson the notice he was entitled to under the Constitution; but here all persons had the notice required by law; hence the matters disposed of in the Wilkinson Case are not analogous, except in our holding that the proceeding here is in accordance with the highway plan.

■ Most of the objections and exceptions interposed by the appellants go to the validity of the proceedings before the condemnation jury, and to the validity of the verdict rendered thereon. These are matters of which, we think, the appellants cannot complain. They are not concerned with the exercise of discretion by the commissioners in proceeding to widen Van Ness street at the point in question, and acquire the fee to the portions of lots 13 and 801 condemned for parking purposes. Appellants are concerned alone with the assessment of benefits, not with the procedure or manner in which title was acquired to the property. The sole question for consideration is whether or not, by the widening of Van Ness street, the properties of the respective appellants were benefited to the amount assessed against them; hence they are not in position to challenge the regularity or irregularity of the condemnation proceedings, unless it clearly appears that it operated to their prejudice, or fraud was practiced in making the awards. Since we have found that Van Ness street is a street conforming to the highway plan and the statute followed was the proper method to pursue in acquiring the property in question, a further reason is suggested why the appellants should not be heard to complain. The commissioners, by electing to accept the verdict of the jury, assumed for the District almost one-half of the damage and cost, and relieved the appellants to this extent of an additional assessment of benefits, which might in a further proceeding have been imposed upon them.

■ We think the appellants have misinterpreted their rights under the act of Congress of May 29, 1928, in that they contend that they may invoke any objection to the proceedings which might have been invoked by the parties respondent to the process which initiated the proceedings; and that they are entitled to have the question of benefits heard by the condemnation jury. In this they misconceive the scope of the statute. The proceeding is twofold in character. The initial condemnation proceeding extends only to those whose property is to be taken; and the jury is required to find adequate damages to compensate for the property taken, and to assess benefits against property that, in their judgment, has been benefited. Notice is then given to all parties against whose property benefits have been assessed, where no part of the property has been taken in the condemnation proceeding.

In the case of Mitchell v. Reichelderfer, 61 App. D. C. 50, 57 F.(2d) 416, 417, property owners, whose lands had been assessed for benefits, appeared and filed objections and exceptions to the verdict, contending that they were entitled to have the condemnation jury recalled and be accorded a hearing as to the justice of the assessments. On this point the court, among other things, said: "Two propositions are urged by appellants in support of their appeal: First, a claim that appellants were entitled to have their objections on the question of benefits heard by the condemnation jury; and, second, that the amounts assessed as benefits were excessive and not commensurate with the actual benefits to their properties. The first of these claims is not sustained by the law. The mere filing of objections and exceptions to the verdict of a condemnation jury does not entitle a property owner to reopen and retry the case to the same or another jury. * * * Such objections and exceptions, however, are in the nature of a motion for a new trial, and are not to be tried by the condemnation jury, but are to be heard by the court, upon affidavits if such are filed, and only in case they are sustained by the court shall another jury be impaneled to retry the issue. Clapp v. Macfarland, 20 App. D. C. 224, 230."

Further construing the procedure under the statute, this court, in Shannon & Luchs Construction Company v. Reichelderfer et al., 61 App. D. C. 36, 57 F.(2d) 402, 404, interpreting the act of May 29, 1928, 45 Stat. 953 (D. C. Code 1929, T. 25 § 71), providing for notice, said: "The effect of the statute in condemnation proceedings is twofold. In the first place, notice is served upon the property owners whose lands are to be condemned. On this issue, trial is had, and, if the jury in the assessment of benefits assesses lands owned by others than those who have been brought into court in the first instance, the court is then required 'to give public notice of the lands or parcels of land assessed for benefits,

no part of which was taken by the condemnation proceedings, by advertisement once in each of three daily newspapers published in the District showing the amount assessed against each such piece or parcel of land and stating the time within which interested parties may file with the court any objections or exceptions they may have to the verdict.' Congress manifestly intended that the condemnation proceedings should be concluded before the second stage of the proceedings should be instituted."

In the present case the proceedings were conducted in an orderly manner, and in accordance with the provisions of the statute. The appellants are not to be criticized for failing to appear at the condemnation proceedings, for they had no notice that any of their rights would be affected by that proceeding. After the assessment of benefits by the jury, and the confirmation by the court of the verdict of the jury, excepting as to that portion of the verdict which assessed benefits against persons, no part of whose property had been taken, due notice as required by statute was given appellants, and they were afforded their day in court to file their objections and exceptions, which, as we said in the Mitchell Case, was "in the nature of a motion for a new trial," not to be heard by the jury but by the court.

In the absence of fraud, or any prejudicial action on the part of the court or the jury, the confirmation of the verdict of the jury by the court on the assessment of benefits, if sustained by competent evidence, will not be interfered with on appeal. From a careful review of this record and examination of the objections and exceptions filed by the appellants, and in view of the additional fact that the commissioners, by electing to abide by the verdict of the jury, assumed for the District a large portion of the damages assessed, instead of setting aside the verdict and instituting another proceeding to, if possible, secure the assessment of all the damages found as benefits, we find no reason to disturb the judgment of the lower court.

The judgment is affirmed, with costs.