JOHNSON & WIMSATT, Inc., v. HAZEN et al., Com'rs of the District of Columbia.

No. 7067.

United States Court of Appeals for the District of Columbia.

Argued May 18, 1938.

Decided July 25, 1938.

Rehearing Denied Oct. 13, 1938.

George E. Sullivan, of Washington, D. C., for appellant.

Elwood H. Seal, Corp. Counsel, and Vernon E. West and Walter L. Fowler, Asst. Corp. Counsel, all of Washington, D. C., for appellees.

Before GRONER, Chief Justice, and MILLER and VINSON, Associate Justices.

VINSON, Associate Justice.

This is an appeal from final judgment of the District Court of the United States for the District of Columbia, assessing benefits against land, no part of which was taken, in a condemnation proceeding instituted by the District of Columbia under the authority of an act of Congress, approved March 4, 1913 (37 Stat. 950; D.C. Code (1929) tit. 25, c. 5, sec. 51), providing for the opening, extending, or widening of streets to conform with the plan of the permanent system of highways in the District.

The petition asked for the condemnation of land for the extension of Maryland Avenue, 17th Street, and H Street, N.E., and the widening of 17th Street, N.E.; and, that benefits might be assessed under the provision of an act of Congress, approved May 28, 1926 (44 Stat. 675, § 1; D. C. Codé 1929, tit. 25, c. 5, sec. 69). The requirements of the act in respect of notice, both advertisement and actual service of notice upon the owners of the land sought to be condemned, were strictly followed. A duly impaneled jury heard witnesses, viewed the several premises, entered a verdict and award of damages for the land to be condemned, and assessed benefits accruing from the street improvements against 27 parcels of land owned by the appellant, no part of which was taken.

After verdict of the jury, but before its confirmation, the appellant was given the required statutory notice of the sums assessed as benefits against its land, by publication and registered mail (45 Stat. 953; D.C.Code (1929) tit. 25, c. 5, sec. 71). Thereafter, the appellant filed its objections and exceptions to the assessments, the stated grounds being that "it has been illegally deprived of an opportunity to cross-examine witnesses, produce witnesses and be heard before the jury, due to failure, in advance of the trial, to give the public notice required by law or any ·proper or reasonable substitute"; that the assessments were unjust and unreasonable; that the benefits were not established by a fair preponderance of the evidence; and, that there was denial of due process of law guaranteed by the Fifth Amendment of the Constitution of the United States, U.S.C.A. Const. Amend. 5. In support thereof, appellant presented to the court the affidavit of its president that it had received no notice of the condemnation proceedings through the public press, or otherwise, prior to the verdict of the jury assessing the benefits; that, thereby, it had been deprived of its right to cross-examine witnesses, produce witnesses of its own, and make argument to the jury in respect of the special assessments attempted to be made against its property; that "if there be any enhancement in market value of any of said lots in consequence thereof, it is so small as to be infinitesimal and only a small fractional part of what has been assessed by the jury"; and, that the assessments were not established by a fair preponderance of the evidence.

The lower court overruled the objections and exceptions and appellant duly

386

noted an appeal, assigning as error substantially the grounds contained in its objections and exceptions.

Appellant raises the question as to the sufficiency of the published notice in the condemnation proceedings. We hold that it was sufficient and regularly given. This general public notice required by the statute warned and required all persons having any interest in the condemnation proceedings to appear in court and to continue in attendance until the final order of confirmation of award of damages and assessments of benefits. The Supreme Court has held that such notice by publication "operated as a notice to all concerned of the pending appointment of a jury, and that proceedings under the act of Congress would subsequently be had" and "gave an opportunity for interested parties to attend the meetings of the jury, to adduce evidence, and be heard by counsel". Wight v. Davidson, 181 U.S. 371, 382, 21 S.Ct. 616, 620, 45 L.Ed. 900. In addition thereto the statute requires personal service of the notice to be executed upon all owners of the lands to be condemned, who can be found · by the marshal within the District of Columbia.

The statute provides additional notice, through publication and personal service by registered mail, for those persons owning lands not taken which have been assessed for benefits. We quote, in part, Sec. 71, tit. 25, D.C.Code of 1929: "Where in any condemnation proceedings instituted by the Commissioners of the District of Columbia * * * the jury of condemnation shall assess benefits against any land or parcel of land no part of which was taken by the condemnation proceedings, and the owner of the land or parcel of land so assessed for benefits was not served with notice of the condemnation proceedings, notice of such assessment for benefits shall be given by the Commissioners of the District of Columbia by registered letter, * * * and, in addition thereto, the court shall give public notice of the land * * * assessed for benefits, no part of which was taken by the condemnation proceedings, by advertisement * * * showing the amount assessed against each such piece or parcel of land and stating the time within which interested parties may file with the court any objections or exceptions they may have to the verdict. The mailing by registered letter and the notice by publication, herein provided for shall be sufficient notice to the owner of any land

* * * assessed for benefits as aforesaid."

It is conceded that this second notice by publication, which gave definite description of the several parcels of appellant's lands assessed for benefits and the amounts thereof, was duly given, and, that, in addition thereto, the appellant was served with a copy of such special notice by registered letter, which gave it actual notice of the parcels of its lands assessed for benefits, together with the amounts assessed.

It is a settled rule in this jurisdiction that after the publication of the general notice of the condemnation proceedings, the assessments of benefits against lands not taken may be made by the condemnation jury. Bauman v. Ross, 167 U.S. 548, 17 S.Ct. 966, 42 L.Ed. 270; Mitchell v. Reichelderfer, 61 App.D.C. 50, 57 F.2d 416; Nealy v. Hazen, 63 App.D.C. 239, 71 F.2d 692.

The statutes providing for the published general notice of the proceedings to be had before the condemnation jury, and for the special notices of the assessed benefits before the confirmation of the verdict of the jury by the court, afforded appellant its day in court and constituted due process of law. "If the legislature, in taxing lands benefited by a highway, or other public improvement, makes provision for notice, by publication or otherwise, to each owner of land, and for hearing him, at some stage of the proceedings, upon the question what proportion of the tax shall be assessed upon his land, his property is not taken without due process of law." Bauman v. Ross, at page 590, 17 S.Ct. at page 982; Wight v. Davidson; Nealy v. Hazen, all supra. Not only was appellant's day in court saved by the statute in its literal execution, but appellant actually had its day in court in virtue of the notices aforesaid as it came into court, filed its objections and exceptions to the verdict of the jury, which were "in the nature of a motion for a new trial", Mitchell v. Reichelderfer, supra, 57 F.2d 417, and presented testimony in support thereof.

The lower court may vacate the verdict of the jury in the event it is unjust and unreasonable under the express provisions of Section 59 of title 25 of the District of Columbia Code, supra. This grants a broad discretion to the lower court. The objections and exceptions may even go to the irregularities of the condemnation proceedings if it · is clearly

shown that appellant was prejudiced or fraud was practiced in making the award, but in the absence of such showing, the concern of the appellant is only whether or not it was benefited in the amount assessed by the verdict. Nealy v. Hazen, supra. In the present case the record contains no showing of prejudice or fraud.

■ The objections and exceptions, which may be accompanied by supporting affidavits submitting evidence, bring to the attention of the court below the grounds relied upon for the vacation of the verdict. Under the procedure, appellant was given the opportunity to present testimony by affidavit to the court which might show, or tend to show, that the verdict of the jury was unjust or unreasonable. The sole testimony offered by it is found in the affidavit of its president. He stated that if there had been any enhancement of the market value of any of the lots in consequence of the opening and widening of the streets that "it is so small as to be infinitesimal and only a small fractional part of what has been assessed by the jury." It may be that he intended the lower court to construe such language to mean that there was no enhancement in value, but, yet, it could well have been construed to be an admission of an enhancement in value of a "small fractional part of what had been assessed by the jury." If he intended the latter, the lower court was left to conjecture what was considered by him to be a "small fractional part" of the assessments; certainly it is not translated into dollars.

The appellee urges that appellant's president does not show himself entitled to express an expert opinion upon the enhancement in value, or lack thereof, but, waiving this objection and assuming that the affidavit states that there was no enhancement in value to appellant's property because of the street improvements, we find the lower court confronted with the unequivocal testimony of the two expert witnesses produced by the District that there was enhancement in value of appellant's property due to the street improvements, spelled out in dollars for each particular parcel. And, in addition to this evidence, which was heard by court and jury, there is the record, which cannot be brought to us in the printed transcript, of the impression made upon the jury and the effect upon its conclusions that the personal inspection of the premises created. The view of the premises obviously disclosed appellant's lots adjacent one to another situate on either side of H Street, N.E. between 18th Street on the east and a dead end on the west; and that the opening of H Street into 17th Street—which was widened and extended—converted a dead end street into an open thoroughfare.

It is true that the two District witnesses differed in respect of the amounts of benefits to be assessed and that the jury, after their view of the premises, fixed the assessed benefits in terms of the larger amount, $90 per lot. But this was entirely within their province and there is nothing in the record to indicate that the jury acted unreasonably or unjustly. On the other hand, there was competent evidence and the jury's own view of the premises to support the verdict. Columbia Heights Realty Co. v. Rudolph, 217 U.S. 547, 30 S.Ct. 581, 54 L.Ed. 877, 19 Ann.Cas. 854.

■ It is well settled in this jurisdiction that in a proceeding of this kind, the court does not have the power to set aside the verdict of a jury in the absence of "plain errors of law, misconduct, or grave error of fact indicating plain partiality or corruption." Columbia Heights Realty Co. v. Rudolph, supra, 30 S.Ct. 586; Nealy v. Hazen, supra; Willis v. United States, 69 App.D.C. 129, 99 F.2d 362, decided July 5, 1938. Such error is not presented in this record.

The judgment of the lower court is affirmed.