## BROWN et al. v. DISTRICT OF COLUMBIA.

### No. 8683.

United States Court of Appeals
District of Columbia.

Decided June 26, 1944.

Mr. Huver I. Brown, of Washington, D. C., pro se, submitted on the brief for appellant Huver I. Brown. Mr. Joseph N. Jones, of Washington, D. C., entered an appearance for appellants.

Messrs. Richmond B. Keech, Corporation Counsel, District of Columbia, Vernon E. West, Principal Assistant Corporation Counsel, District of Columbia, and James W. Lauderdale and Stanley DeNeale, Assistant Corporation Counsel, District of Columbia, all of Washington, D. C., submitted on the brief, for appellees.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

MILLER, Associate Justice.

Appellees, proceeding under the applicable statutes,[1] condemned land for street purposes in the District of Columbia. In its verdict the jury awarded damages for the land taken and assessed benefits against adjacent parcels of land belonging to appellants. Appellants filed objections to these assessments; they were overruled by the trial court; and from the judgment confirming the jury's verdict this appeal was taken.

■ Appellants contend, first, that they were denied a hearing, an opportunity to cross-examine witnesses and generally to participate in the condemnation proceeding. It is not necessary to consider this contention further as it was fully considered and decided in the recent case of Johnson & Wimsatt, Inc. v. Hazen.[2] Here, as there, appellants received the notice contemplated by the law and had full opportunity to make such showing as was appropriate to their rights.

■ Appellants' second contention is that while the condemnation proceeding was pending the Federal Government filed a declaration of taking against their property and took title thereto, whereupon compensation was paid to appellants by the Government; that thereafter the land was no longer subject to assessment for benefits by the District of Columbia; that liens against these properties had not attached when the Government took title. But the issue thus tendered by appellants was not appropriate for decision in the condemnation proceeding. The statute conferred no jurisdiction upon the trial court to determine what lands, if any, were exempt from assessment for benefits. This question, also, has been considered and decided ad-

---

[1] D.C.Code, 1940, §§ 7—201 et seq.

[2] 69 App.D.C. 151, 99 F.2d 384.

versely to appellants in the case of Garfield Memorial Hospital v. Macfarland.[3] The wisdom of separating such issues from those appropriate to a condemnation proceeding and requiring that they be separately tried with all proper parties present is well illustrated by the circumstances of the present case as outlined in appellees' brief: "In this case, it is not clear how the land was acquired by the United States. * * * Section 10 of the Act of March 1, 1929, 45 Stat. 1417 (Sec. 16—628, D.C. Code 1940), relating to the condemnation of land by the United States, provides that, where the United States pays money into court upon the filing of a declaration of taking, 'the court shall have power to make such orders in respect of encumbrances, liens, rents, taxes, assessments, insurance, and other charges, if any, as shall be just and equitable.' The District's condemnation proceeding was filed June 30, 1942. The United States' condemnation proceeding was filed April 15, 1943. In the District's case the verdict of the condemnation jury was returned on May 24, 1943, and confirmed on June 17, 1943 as to the damages for the land taken. It is stated in appellants' objections and exceptions * * * that the title to their land passed to the General Government under date of September 11, 1943. Title to appellants' property did not pass to the United States until about three months after the confirmation, as to damages, of the verdict of the jury in the District's condemnation proceeding. The contemplated improvement which resulted in an enhancement of the value of appellants' property was an assured fact before the United States took title and that enhancement was probably reflected in the damages awarded appellants for their property, if the property was taken by the United States in the condemnation proceeding. * * * On the other hand, if the property was actually acquired by the United States by purchase from appellants, it may well be that the contract of purchase specifically requires appellants to pay these assessments. But these are all questions to be determined in proper proceedings when the District undertakes to collect the assessments."

We have carefully considered all appellants' contentions and find them to be without merit.

Affirmed.