**BRANSON v. REICHELDERFER et al.**

No. 5730.

Court of Appeals of the District of Columbia.
Argued March 9, 1933.
Decided April 10, 1933.

George E. Sullivan, of Washington, D. C., for appellant.

W. W. Bride, Corporation Counsel, and Vernon E. West and Walter L. Fowler, Assts. Corporation Counsel, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

ROBB, Associate Justice.

Appeal from a decree in the Supreme Court of the District, in a condemnation proceeding, overruling exceptions by the landowner to the verdict of a jury fixing the value of lot 804 in square 355.

Two expert witnesses testified for the District concerning the value of the property. One placed a value of $5,000 upon the improvements and $2,847 upon the land (containing 1,139.57 square feet), or a total of $7,847. The other expert for the District placed a value of $3,081.29 upon the improvements and $3,418.71 upon the land, making a total of $6,500.

Four experts testified for the landowner; the lowest estimate as to the value of the improvements was $5,378.88, while the lowest estimate as to the value of the land was $6,000.

The jury returned a verdict of $4,558.28. It will be observed that this amount would be exactly at the rate of $4 per square foot for the land. This award was almost $2,000 less than the lowest total estimate of the District experts.

Counsel for the District express the opinion that the jury, after viewing the premises, reached the conclusion that the improvements on lot 804 and the other lots within the condemnation area were of such a character as to add nothing to the value of the property. But the evidence, including photographs, clearly discloses that the improvements on lot 804 are in a much better state of repair and much more valuable than the improvements on the other lots.

It is apparent, therefore, that the jury must have ignored the evidence as to the value of the improvements on lot 804. Under section 487 of the D. C. Code (1924), as amended by the act of March 1, 1929, c. 439, 45 Stat. 1437, 1438 (section 46, title 25, D. C. Code, 1929), the court is granted "power to vacate and set any appraisement aside, in whole or in part, when satisfied that it is unjust or unreasonable." In the present case there is such a discrepancy between the value of the land, including improvements, as fixed by the jury on the one hand, and the testimony of the witnesses for both the District and the property owner on the other, as to convince us that the appraisement is unjust and unreasonable.

The decree will therefore be reversed, with costs, to the end that a new appraisement as to lot 804 may be had.

Reversed.