### WILLIS v. UNITED STATES.
### No. 7068.

United States Court of Appeals for the District of Columbia.
Argued May 18, 1938.
Decided July 5, 1938.

Reargument Denied Oct. 13, 1938.

plain oversight or abuse of discretion on the part of the jury. Thereafter, the District Court overruled the "Objections and Exceptions" and ratified and confirmed the verdict of $2,811. From this order, the appellant appeals and assigns as error here substantially the same objections as were filed in the lower court to the verdict of the jury.

The statutes relative to the condemnation of land in the District of Columbia are evolutions of several prior acts of Congress. Until 1929, the same procedure was provided for both the United States and the District of Columbia. The acts differed in their respective provisions concerning the method of appraisement. The Act of August 30, 1890, 26 Stat. 412, 413, § 3, 40 U.S.C.A. § 120, set out the procedure for the taking by condemnation of private property in the District of Columbia. It provided for the appointment of 3 commissioners to examine the premises, hear persons, and make their appraisement. Their report was to be confirmed by the court. The statute contained no specific grounds for setting aside the appraisement. The Act of June 6, 1900, 31 Stat. 665, controlled the condemnation proceedings necessary for the extension of Columbia Road. It provided for a jury to view the premises and to hear evidence relative to the value of the property taken. After verdict, the court was granted power to hear any objections made to the verdict and to set it aside when satisfied that it was unjust or unreasonable. From the Act of March 3, 1901, 31 Stat. 1266, § 487 et seq., until March 1, 1929, there was provision for a jury to view the premises and to hear evidence relative to the value of the property taken. After verdict, if any party interested excepted to the verdict, the court could set it aside "for good reasons". On March 1, 1929, Congress changed the method of procedure in condemnation cases in the District of Columbia. Different methods were provided for the United States (45 Stat. 1415, c. 416; Tit. 25, c. 5, § 100 et seq., D.C.Code of 1929; 40 U.S.C. §§ 361–386, 40 U.S.C.A. §§ 361–386) and for the District of Columbia (45 Stat. 1437, c. 439; sec. 487, Tit. 25, c. 5, § 41 et seq., D.C.Code of 1929).

This action is brought under the act of Congress which allows the United States of America to condemn private property situate in the District of Columbia whenever that property is necessary and desirable for suitable development of the Na-

George E. Sullivan, of Washington, D. C., for appellant.

Alex. H. Bell, Jr., Henry H. Glassie, and David A. Pine, all of Washington, D. C., for the United States.

Before GRONER, Chief Justice, and MILLER and VINSON, Associate Justices.

VINSON, Associate Justice.

This is an appeal from a final judgment of the District Court of the United States for the District of Columbia in a condemnation proceeding which was instituted by the United States of America. The case was tried before a jury in the District Court at which time each of the parties introduced two expert witnesses who testified as to the value of the property, two lots and dwelling, to be taken. After hearing the testimony, the jury had a view of the land, at which time the dwelling had been removed, and, thereupon, returned a verdict for the appellant in the sum of $2,811 as compensation for the property. The record then discloses that the appellant filed "Objections and Exceptions" to the verdict on the ground that the "appraisement" was inadequate, unjust and unreasonable; that it was not supported by, but contrary to, the evidence in the case; and that it disclosed a

tional Capital park, parkway, and playground system. 45 Stat. 1415, c. 416. The act sets forth with particularity the necessary steps in the trial of the case (sec. 14) "in like manner as in other civil trials", its submission to the jury (sec. 15) "as in other trials at law", and the vacation of the verdict (sec. 16) "as in other trials at law and upon the ground that said verdict, or any award contained therein is, in the judgment of the court, grossly excessive, or inadequate, or otherwise unreasonable, or unjust." D.C.Code 1929, T. 25, §§ 110c to 110e, 40 U.S.C.A. §§ 374–376.

We quote in part, the applicable sections:

"[Sec. 14.] * * *

"Every party, whether petitioner or respondent, may except to any ruling of the court admitting or excluding evidence, granting, rejecting, or modifying prayers for instruction, or other ruling made in the cause *in like manner as in other civil trials.*

"[Sec. 15.] At the close of the evidence the court shall charge the jury *as in other trials at law* and furnish them with a written form to be used in returning their verdict. * * *

"[Sec. 16.] The court shall have power to set aside or vacate the verdict of the jury, or any award contained therein, and to grant a new trial upon the same grounds *as in other trials at law* and upon the ground that said verdict, or any award contained therein is, in the judgment of the court, grossly excessive, or inadequate, or otherwise unreasonable or unjust. * * *" (Italics supplied.)

Although they were not applicable in the instant case, counsel for appellant followed the provisions, concerning procedure after verdict, of the present statute relating to acquisition of land for the District of Columbia. This statute differs materially in its procedural steps from Chapter 416, supra, providing for the condemnation of land for the United States. It provides for the drawing of a jury who shall hear evidence and return to the court their appraisement of the land. The court may then hear any objections or exceptions filed against the appraisement, and shall have the power to vacate and set aside any appraisement when satisfied it is unjust or unreasonable and appoint a new jury. This is analogous to the procedure which formerly obtained in the condemnation of land either by the District of Columbia or the United States. We quote in part from the statute relating to

the setting aside of the verdict of the jury in the condemnation of land for the District of Columbia, (45 Stat. 1437, c. 439) : "The said court shall hear and determine any objections or exceptions that may be filed to any appraisement of the jury and shall have the power to vacate and set any appraisement aside, in whole or in part, when satisfied that it is unjust or unreasonable * * *." D.C.Code 1929, T. 25, § 46.

As stated, counsel for appellant did not file a motion for a new trial called for by Chapter 416, sec. 16 thereof, supra, D.C. Code, T. 25, § 110e. However, the appellee throughout the action has treated it as a motion for a new trial. The court below, overruling the objections and exceptions, entered judgment upon the verdict of the jury. We feel that, under the circumstances of this case, this court may well treat it as a motion for a new trial.

In this court counsel for appellant urges his theory of sound value for the house in question. He says in his brief: "In the case at bar, the Court below declined to interfere with the jury's arbitrary acceptance of a mere guess or speculation by a person who admitted his lack of acquaintance with the present sound value of the building, and who admitted that the sound value should be added to the land value given by him."

The record contains no exceptions respecting the admissibility or exclusion of evidence by either party; no objections to any of the instructions given by the court; no request for a modification thereof; and no request for a particular instruction, submitting any theory relied upon by appellant. Therefore, appellant will not be heard in this court on a question of law that was not saved by exception and assignment of error. Rule 5, Subdivision 3, of this court provides: "In no case will this court decide any point or question that was not fairly presented for decision by the court below; nor shall any question arise in this court as to the insufficiency of evidence to support any instruction actually given, unless it appear that such question of the insufficiency of evidence was distinctly made to and decided by the court below."

In United States v. Atkinson, 297 U.S. 157, 159, 56 S.Ct. 391, 392, 80 L.Ed. 555, the court said:

"The verdict of a jury will not ordinarily be set aside for error not brought to the attention of the trial court. This practice

is founded upon considerations of fairness to the court and to the parties and of the public interest in bringing litigation to an end after fair opportunity has been afforded to present all issues of law and fact. [cases] It is substantially that adopted by rule 10, subdivision 1, of the rules of the Court of Appeals for the Fifth Circuit, which requires the party excepting to the charge 'to state distinctly the several matters of law' to which he excepts, and directs that 'those matters of law, and those only, shall be inserted in the bill of exceptions.'

"In exceptional circumstances, especially in criminal cases, appellate courts, in the public interest, may, of their own motion, notice errors to which no exception has been taken, if the errors are obvious, or if they otherwise seriously affect the fairness, integrity, or public reputation of judicial proceedings. [cases] But no such case is presented here. The judgment must be affirmed for the reason that the error assigned was not made the subject of appropriate exception or request to charge upon the trial."

The question remaining for decision is whether or not the lower court erred in not setting aside the verdict of the jury for the reason that it was "inadequate or otherwise unreasonable or unjust". Each party introduced two expert witnesses. Appellant introduced one witness who placed the value of the property at $6,000; $3,500 for the land and $2,500 for the building. Another witness for her fixed the present sound value of the building at $2,370.32. The first witness for the government testified to a land value of $1,550. Counsel for appellant, on cross-examination, after presenting this witness with a photograph of the dwelling house, evoked his statement of value for the dwelling as between $1,550 and $2,000, his minimum valuation for the property taken totaling $3,050. The second witness for the government testified that the value of the lots was $1,809.45. Appellant's counsel, upon cross-examination, brought forth a statement from this witness that, having failed to consider the dwelling he would add a value of $1,000 for the house, making a total valuation of $2,809.-45. The witness stated that the house, which was some 30 to 40 years old, "detracted to some extent from the value of the ground." This evidence went to the jury not only without objection of appellant's counsel, but at his instance. The verdict of the jury was slightly in excess of the valuation placed upon this property by this witness. Since it was the province of the jury to weigh the evidence after seeing and hearing all the witnesses and viewing the premises, we are not in position to say that the lower court erred in failing to grant the new trial or in entering the judgment in conformity with the verdict.

In construing the act of June 6, 1900, supra, the Supreme Court, in Columbia Heights Realty Co. v. Rudolph, 217 U.S. 547, 560, 30 S.Ct. 581, 586, 54 L.Ed. 877, 19 Ann.Cas. 854, said: "The power of the court to review the award by such a jury must, in the very nature of the matter be limited to plain errors of law, misconduct, or grave error of fact indicating plain partiality or corruption. The jury saw and heard the witnesses; the court did not. The jury went upon and viewed the premises; the court did not. The duty to review did not involve mere error in judgment as to the extent of enhancement in value, for the judgment of the jury manifestly rested upon much which could not be brought before the court. The jury was expected to exercise its own judgment, derived from personal knowledge from a view of the premises, as well as from the opinion evidence which might be brought before them."

Branson v. Reichelderfer, 62 App.D.C. 129, 65 F.2d 280, a case involving condemnation of land for the use of the District, is relied upon by the appellant as authority in support of reversal of the judgment below. We held in that case that it was an abuse of discretion for the lower court not to set an appraisement aside which was $2,000 under the lowest valuation placed upon the property by any witness testifying on either side. We do not have such a case before us. The verdict of the jury is supported by evidence and we are not in position to say that the trial court abused its discretion. Our position in this case is well set forth in Fairmount Glass Works v. Coal Co., 287 U.S. 474, 475, 481, 53 S.Ct. 252, 254, 77 L.Ed. 439, wherein the court said:

"The rule that this Court will not review the action of a federal trial court in granting or denying a motion for a new trial for error of fact has been settled by a long and unbroken line of decisions; and has been frequently applied where the ground of the motion was that the damages awarded by the jury were excessive or were inadequate. The rule precludes likewise a

review of such action by a Circuit Court of Appeals. Its early formulation by this Court was influenced by the mandate of the Judiciary Act of 1789, which provided in section 22 that there should be 'no reversal in either (circuit or Supreme) court on such writ of error * * * for any error in fact.' Sometimes the rule has been rested on that part of the Seventh Amendment which provides that 'no fact tried by a jury shall be otherwise re-examined in any court of the United States than according to the rules of the common law.' More frequently the reason given for the denial of review is that the granting or refusing of a motion for a new trial is a matter within the discretion of the trial court.

"* * * * * * *

"Appellate courts should be slow to impute to juries a disregard of their duties, and to trial courts a want of diligence or perspicacity in appraising the jury's conduct."

There was no abuse of discretion by the lower court either in not granting the motion for a new trial, under the rules governing trials of civil cases in general, when the issue presented was an alleged error of fact, or in refusing to grant a new trial, under the additional powers given by the special provisions of the condemnation statute, since there was no "grave error of fact indicating plain partiality or corruption."

The judgment of the lower court is affirmed.