## UNITED STATES v. 76,800 ACRES OF LAND, MORE OR LESS, IN BRYAN AND LIBERTY COUNTIES, GA., et al.

### Civil Action No. 86.

District Court, S. D. Georgia, Savannah Division.

June 27, 1942.

See, also, D.C., 44 F.Supp. 653.

Charles D. Russell, Sp. Asst. to U. S. Atty., and G. B. Everitt, Asst. U. S. Atty., both of Savannah, Ga., for the United States.

Shelby Myrick, of Savannah, Ga., for C. R. Stanford.

LOVETT, District Judge.

C. R. Stanford, being dissatisfied with the award of compensation for the taking of his land by the United States in condemnation for an army camp, seeks a new trial. The land is a relatively small part of a very large tract used as a camp and upon which practice by firing of guns loaded with shell and shrapnel takes place.

Two grounds for new trial have been argued.

The first is that the Court erred in permitting the jury, on motion of counsel for the Government, to view the premises while the case was on trial; and it is urged the view was harmful to the landowner because the physical conditions had changed materially since the taking. "It is a common practice in condemnation proceedings for the court, in the exercise of its discretion, to permit the triers of fact to see the property the value of which is to be assessed by them. Louisville & N. R. R. Co. v. Western Union Telegraph Co. [6 Cir.], 249 F. 385; Jones, Commentaries

on Evidence, §§ 406, 407. * * * From the fact that the condition of part of the land had been materially changed since possession of it was taken by the government, it does not follow that it was an abuse of discretion to permit a view by the jury after such change was effected, though the value to be assessed was that of the land as it was when it was so taken. Many, if not most, of the features and circumstances that would be disclosed by a view of the land remained as they were before the government took possession; and it well may be supposed that the effect of the evidence as to conditions before the government took possession was not destroyed as a result of the jury seeing a part of the land in its changed condition." Forbes v. United States, 5 Cir., 268 F. 273, 275, 276, 277.

▆ It is also said the view should not have been allowed before the evidence was closed. No objection was made on this ground. Moreover, the land taken was being used for firing of anti-aircraft guns and the view could only be had at a time when the military authorities ordered the firing to cease for the purpose, and the jury went to the land at that time. I thought the view proper and helpful when allowed, and nothing has happened since to change my opinion.

▆ The other ground is that the jury was bound to accept the highest valuation placed on the lands by witnesses offered by the Government, and, having failed to do so, the verdict is contrary to the evidence. The "highest valuation" referred to is a combination of the testimony of several witnesses, some of whom gave their opinions as to the value of improvements, some as to cleared or cultivable portions of the lands and others as to the wild or uncultivated portions. Other evidence standing alone, or in like combinations, would have authorized a finding by the jury of an amount for just compensation less than the verdict returned. The several witnesses disagreed as to the value of the property taken. They gave, at most, only their opinions, there being no established market. In addition to these opinions, the jury had for consideration evidence as to the recent cost of the property to the landowner; timber cruises made for both parties; recent sales of timber by the owner; photographs of the buildings removed by the Government after the taking; and, finally, their own view of the premises. From all of this evidence they made up their verdict; and, being the exclusive judges of the credibility of the witnesses, and the weight and credit to be given to the testimony, a Court should be slow to interfere. The mere fact that the verdict is less than the amount some one or more witnesses for the Government gave as his opinion of the value is insufficient to have the Court overturn the jury's findings on this issue of fact. Willis v. United States, 69 App.D.C. 129, 99 F.2d 362, 365(3); United States v. Seufert Brothers Co., C.C., 87 F. 35, 37, 38; McLendon v. City of LaGrange, 47 Ga.App. 690, 691(3), 171 S.E. 307, and cases cited; Tyler v. Kemp, 147 Ga. 502, 94 S.E. 1003. While a jury "has no right arbitrarily to ignore or discredit the testimony of unimpeached witnesses, so far as they testify to facts, and that a willful disregard of such testimony will be ground for a new trial, no such obligation attaches to witnesses who testify merely to their opinion; and the jury may deal with it as they please, giving it credence or not as their own experience or general knowledge of the subject may dictate. * * * The jury, even if such testimony be uncontradicted, may exercise their independent judgment." The Conqueror, 166 U.S. 110, 111, 131-133, 17 S.Ct. 510, 518, 41 L.Ed. 937. See, also, Head v. Hargrave, 105 U.S. 45, 50, 51, 26 L.Ed. 1028.

The motion for new trial is overruled.