## MURRAY v. UNITED STATES.

### NEFF v. SAME.

### Nos. 8052, 8053.

United States Court of Appeals for the District of Columbia.

Argued June 9, 1942.

Decided July 20, 1942.

Mr. Arthur G. Lambert, of Washington, D. C., with whom Mr. Arthur R. Murphy, of Washington, D. C., was on the brief, for appellant in each case.

Mr. Norman MacDonald, Attorney, Department of Justice, of Washington, D. C., pro hac vice, by special leave of court, with whom Assistant Attorney General Norman M. Littell, and Messrs. Charles R. Denny, Jr., Alexander H. Bell, Jr., and Vernon L. Wilkinson, Attorneys, Department of Justice, all of Washington, D. C., were on the brief for appellees. Mr. Dwight Doty, Attorney, Department of Justice, also entered an appearance for the appellees.

Before GRONER, Chief Justice, and EDGERTON and RUTLEDGE, Associate Justices.

PER CURIAM.

These are appeals in a United States Government condemnation case. The property condemned consisted of two unimproved parcels of land in the outskirts of the City of Washington. The purpose of the acquisition was to secure land for the erection of houses for Navy personnel engaged in national defense activities.[1]

The errors assigned are the action of the court (1) in failing to set aside the verdict of the jury on the ground of inadequacy; (2) "in allowing the valuation of the land taken to be affected by what the government proposed to do with the property after acquiring it"; (3) in permitting the jury to consider the stenographic record of the evidence given at the trial; and (4) in refusing to permit one of the property owners to show by the use of a plat of the property the manner in which it

---

[1] U.S.C.A., Title 40, §§ 361, 362; 54 Stat. 676 and 712; Act of March 1, 1929, 45 Stat. 1417, 40 U.S.C.A. § 370.

could be properly developed for use for private housing.

1. The ground on which it is argued that the verdict was inadequate is that one of the parcels (Murray's) was valued by the jury at considerably less than its recent purchase price, and that both parcels were valued by the jury at $4500, which was some $900 less than the appraisal of any expert witness. But the jury were permitted to view the property and form an opinion of their own as to its value. They also considered evidence that similar unimproved property sold for as little as $500 an acre and as much as $3,000 an acre. The area in question contains a little more than two acres, making the valuation of the jury approximately $2,000 an acre.

In the light of this additional evidence, they were not bound by the testimony of the experts. We have said more than once before that it is the province of the jury to weigh the evidence after seeing and hearing all the witnesses and viewing the premises, and when they reach a valuation from the evidence which the trial court confirms, it is not for us to say that it is so inadequate that the trial court abused its discretion in failing to grant a new trial. Willis v. United States, 69 App.D.C. 129, 99 F.2d 362; Johnson & Wimsatt v. Hazen, 69 App. D.C. 151, 99 F.2d 384. To the same effect are Columbia Heights Realty Co. v. Rudolph, 217 U.S. 547, 560, 30 S.Ct. 581, 54 L.Ed. 877, 19 Ann.Cas. 854, and Barnes v. South Carolina P. S. Authority, 120 F. 2d 439. Appellants rely on Branson v. Reichelderfer, 62 App.D.C. 129, 65 F.2d 280, but that case is distinguishable. There the jury returned a verdict which was $2,000 less than the lowest estimate of the value of the land and improvements. Since there was no other evidence, we concluded that the jury, in viewing the premises and in arriving at a verdict, had ignored the value of the improvements.

2. The second assignment is that the court wrongly admitted a question, the effect of which was to allow the jury to consider the value of the land in relation to the proposed naval housing project. The particular question was asked on the cross-examination of one of appellants' witnesses and was: "How can [appellant Murray] afford to put a new development on this property and charge rent to justify his investment in competition with the rent which the government was charging and

will charge?" Undoubtedly this was an improper question, and appellants' objection to it should have been sustained. The value of the land was to be determined as of the time of the taking. Danforth v. United States, 308 U.S. 271, 60 S.Ct. 231, 84 L.Ed. 240. And the duty of the jury was to fix the value without regard to any increase or decrease resulting from the government project. United States v. Chandler-Dunbar W. P. Co., 229 U.S. 53, 33 S.Ct. 667, 57 L.Ed. 1063. But we are of opinion that, notwithstanding the question was improper, appellants were not prejudiced by it.

The answer of the witness to the question was that the value of the property would not be affected because there was a class of people which would be anxious to have accommodations better than those provided by the government and which would not be influenced by the lower price for government-constructed accommodations. This answer was wholly favorable to appellants. Furthermore, at the close of the case the jury were specifically instructed by the court that "in determining the compensation for the land being condemned they shall not take into consideration any effect, whether by enhancement or diminution, which the purpose or intention of the government to acquire this property for public use may have had upon its value". This instruction correctly stated the law, and we cannot assume that the jury disregarded it, or that they were influenced against appellants by the improper admission of the question and answer to which we have referred.

3. When the jury retired to consider its verdict, a copy of the stenographic transcript of the trial proceedings was handed them by the clerk of the court without leave of the court or agreement of counsel. We think this was obviously improper, considered even in the light of the greater degree of informality usually present in a land condemnation trial. For in every jury trial the taking of papers, memoranda, or exhibits by the jury to their room is a matter primarily within the sound judicial discretion of the court. Coy v. Town of Milford, 126 Conn. 484, 12 A.2d 641; Wiseman v. Ryan, 116 W.Va. 525, 182 S.E. 670. If any prejudice were shown to have resulted from this, we should not hesitate to set aside the judgment. But appellants were willing to allow the jury the use of a correct transcript, and the only specific

error alleged to be contained in the one actually used is that in reporting that part of the argument of the property owners' counsel, in which counsel read to the jury two of the court's instructions, the court reporter, in each instance, failed to record the precise language of the instruction. But the answer to this is that the court's actual instructions were given in writing and, without objection from counsel on either side, were taken by the jury to their room. If, as counsel say, the reporter misquoted the two instructions so as to make them meaningless, the fact that the jury had the instructions as given them by the court would, we think, have corrected any misunderstanding on their part as to the rules which the court had instructed them to apply. In the circumstances, we do not feel justified in reversing the judgment on this ground alone.

4. This leaves only the final error alleged, which is the refusal of the court to allow one of appellants' witnesses to illustrate his testimony as to the possible use of the property for row houses by a sketch which he had made. We have examined the witness' testimony carefully, and we fail to see any respect in which this ruling of the court curtailed the very full explanation which the witness gave to the jury. The admissibility of the sketch was, we think, a matter within the sound discretion of the trial court. Hewitt v. United States, 8 Cir., 110 F.2d 1; City of Chicago v. Le Moyne, 7 Cir., 119 F. 662.

Affirmed.