## UNITED STATES v. 2,049.85 ACRES OF LAND, MORE OR LESS, IN NUECES COUNTY, TEXAS, et al.
### Civ. A. No. 87.

District Court, S. D. Texas,
Corpus Christi Division.

Feb. 12, 1943.

Eugene J. Wilson, Sp. Asst. to Atty. Gen., C. U. Landrum, Sp. Asst. to U. S. Atty., of Detroit Lakes, Minn., and Luther E. Jones, Jr., Sp. Atty., of Corpus Christi, Tex., for petitioner.

Felix·A. Raymer, of Houston, Tex., B. D. Tarlton, Kemp, Lewright, Dyer, Wilson & Sorrell, Keys, Holt & Head, J. D. Todd,

Jr., Charles G. Lyman, and Kleberg & Eckhardt, all of Corpus Christi, Tex., Perkins & Floyd, of Alice, Tex., Ben F. Vaughan, Jr., of Corpus Christi, Tex., Dougherty & Dougherty, of Beeville, Tex., and J. F. Park, of Corpus Christi, Tex., for defendants.

HANNAY, District Judge.

This is a suit of eminent domain, involving acreage taken by the petitioner government and presently used for the Corpus Christi Naval Base. A trial before a jury was had, resulting in a verdict, upon which verdict a judgment was accordingly entered, and thereafter the defendants filed a motion for a new trial. Although some thirty-six grounds were assigned as reasons why a new trial should be granted, these reasons can be grouped generally under three main headings:

First, that the court erred in allowing a sick juror to be discharged from the jury after the jury had retired and were deliberating upon their verdict; second, that the court's charge was erroneous in that the wrong measure of damages was submitted to the jury for their guidance in finding the amount of recovery to be had in this cause; and third, that the verdict of the jury was insufficient in amount and not supported by the evidence in the case.

Discussing these reasons in the order above set out:

1. With reference to the alleged error of the court in discharging a sick juror and the court thereafter accepting the verdict duly signed by eleven jurors, the court is clear and positive in his remembrance that the attorneys for both the petitioner and the defendants agreed to the trial of this case under the law of the State of Texas with reference to the manner of handling the jury in this case. There has not been heretofore, and is not now, any claim that the juror Draper was not at the time of his discharge from the jury panel too ill to continue with his deliberations as such juror, or that the court, if he had any discretion in the matter, abused his said discretion. The Constitution of Texas, the Statutes of Texas, and the Rules of Civil Procedure of Texas, at all times material hereto, have with unusual uniformity been as follows:

Constitution of the state of Texas, Vernon's Ann.St.:

"Article V. Judicial Department. * * *

"Sec. 13. Grand and petit juries in the District Courts shall be composed of twelve men; but nine members of a grand jury shall be a quorum to transact business and present bills. In trials of civil cases, and in trials of criminal cases below the grade of felony in the District Courts, nine members of the jury, concurring, may render a verdict, but when the verdict shall be rendered by less than the whole number, it shall be signed by every member of the jury concurring in it. When, pending the trial of any case, one or more jurors not exceeding three, may die, or be disabled from sitting, the remainder of the jury shall have the power to render the verdict; provided, that the Legislature may change or modify the rule authorizing less than the whole number of the jury to render a verdict."

Vernon's Texas Annotated Civil Statutes:

"Art. 2204. Verdict by nine jurors. Pending a trial of a civil case in the district court, where one or more jurors may die or be disabled from sitting, if there be as many as nine of the jurors remaining, those remaining may render and return a verdict; but in such case the verdict must be signed by each juror rendering it." (Acts 1876, p. 82; G.L.Vol. 8, p. 918.)

Rules of Texas Civil Procedure.

"Rule 292. Verdict by Nine Jurors. Pending a trial of a civil case in the district court, where one or more jurors may die or be disabled from sitting, if there be as many as nine of the jurors remaining, those remaining may render and return a verdict; but in such case the verdict must be signed by each juror rendering it."

The defendants, however, argue further that even if the agreement to abide by the law of Texas with regard to the handling of the jury in this case had been made (which the defendants at no time admit) that even then, by reason of the Seventh Amendment to the Constitution of the United States, they would be entitled to the right of a trial by a jury of twelve men and not eleven. The Seventh Amendment to the Constitution of the United States is as follows:

Constitution of the United States of America.

Civil Trials.

Amendment 7. "In suits at common law, where the value in controversy shall ex-

ceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law."

However, the case of United States v. Alexander, D.C., 47 F.Supp. 900, 901, Para. 13, holds in substance that "a condemnation proceeding is not a 'common-law action' and is not subject to constitutional guaranty of jury trial." Therefore, it appears that the said Seventh Amendment does not here apply.

The defendants further attack the discharge of the juror at the time when he was discharged, by saying that "during" and "pending" do not mean the same thing. However, Webster's New International Dictionary, 2d Ed., Unabridged, gives the following definition of the word "pending": "During; before the conclusion of; prior to the completion of."

■■ But on this controversial fact as to whether or not the law of the State of Texas should be followed in this respect, it is entirely unnecessary to depend upon the agreement of counsel for the parties, or even whether or not such an agreement was made, because Rule No. 81(a), subd. 7, of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides that the rules do not apply for the condemnation of property by the United States, except on appeal, and the law of the State where the property is situated does apply. Interpreting this rule is the case of United States v. 243.22 acres of land situated in Village of Farmingdale, Town of Babylon, Suffolk County, State of New York, et al., D.C., 41 F.Supp. 469, 471, wherein it is held these rules "do not apply to proceedings for the condemnation of property [by the United States] and that the law of the State where the property is situated governs the practice, pleadings, forms and proceedings." To the same effect is the case of United States v. Certain Lands in the Borough of Brooklyn, County of Kings, State of New York, for the Establishment of Receiving Barracks et al., D.C., 39 F. Supp. 91, and also see the case of United States v. Certain Parcels of Land in Prince George's County, Md. et al., D.C., 40 F. Supp. 436, 437. And finally, the case of United States v. Certain Lands in Borough of Brooklyn, 129 F.2d 577, 579, the Second Circuit Court in considering a condemnation suit says "matters of practice are

governed by the state law," and gave as authority for such statement 40 U.S.C.A. § 258, reading as follows: "§ 258. Same; procedure. The practice, pleadings, forms and modes of proceedings in causes arising under the provisions of section 257 of this title shall conform, as near as may be, to the practice, pleadings, forms and proceedings existing at the time in like causes in the courts of record of the State within which such district court is held, any rule of the court to the contrary notwithstanding. (Aug. 1, 1888, c. 728, § 2, 25 Stat. 357.)"

It therefore follows that by reason of said agreement of counsel (and even independent of such agreement) in view of the aforesaid law applicable to this character of case, there was no error committed by the court either in the discharge of the juror Draper, or the subsequent acceptance of a verdict duly signed by the remaining eleven jurors.

■ 2. The defendants complain in their application for a new trial herein because they say in effect that the wrong measure of damages was submitted by the court to the jury herein. It is very evident from a reading of the whole record of the testimony in this case that the defendants tried their case on the theory that the parcels of land involved in this case were underlaid by oil, and that the amount of money that the defendants should recover herein should be based upon the amount of recoverable oil under said land, less the cost of producing same. That being so, then the proper basis of ascertainment was, so far as the value of the oil is concerned, predicated upon the reasonable probability that oil, gas or other minerals could be produced from said land in paying quantities. The Supreme Court of the United States, speaking through Mr. Justice Holmes in the case of Boston Chamber of Commerce et al. v. City of Boston, 217 U.S. 189, 30 S.Ct. 459, 460, 54 L.Ed. 725, said: "The question is, What has the owner lost? not, What has the taker gained?" Therefore, it logically follows that the charge of the court with reference to the measure of damages was correct. Judge William H. Atwell of the Northern District of Texas in the trial of a similar case involving land in the same Corpus Christi area (Civil Action No. 87, In re Lands of Orville Eastland et al.) used the following language: "Now with reference to the pos-

sibility of oil upon any or some of these parcels, gentlemen, I charge you that you must not consider the value of property for the production of minerals unless you find that there exists a reasonable probability of their being present in such quantities as to make their exploitation profitable, and you should disregard any mere speculative possibility that minerals may be present in the land. You can see that that is bound to be the law, and the reason upon which the justice of that particle of law is founded."

For further authority on this subject, see the Supreme Court case of Olson v. United States, 292 U.S. 246, 54 S.Ct. 704, 78 L.Ed. 1236, opinion by Mr. Justice Butler.

3. The third of the general reasons assigned by the defendants as to why they should be given a new trial herein is because the verdict of the jury was insufficient in amount, and is not supported by the evidence. In the case of United States v. 76,800 acres of land, 46 F.Supp. 102, 103, opinion by Judge Lovett of the District Court for the Southern District of Georgia, Savannah Division, rendered on June 27, 1942, Para. 3 to 6, incl., which was on a motion for a new trial, one of the two grounds being "that the jury was bound to accept the highest valuation placed on the lands by witnesses offered by the Government, and, having failed to do so, the verdict is contrary to the evidence," the court in denying such motion for new trial used the following language:

"From all of this evidence they made up their verdict; and, being the exclusive judges of the credibility of the witnesses, and the weight and credit to be given to the testimony, a Court should be slow to interfere. The mere fact that the verdict is less than the amount some one or more witnesses for the Government gave as his opinion of the value is insufficient to have the Court overturn the jury's findings on this issue of fact. Willis v. United States, 69 App.D.C. 129, 99 F.2d 362, 365(3); United States v. Seufert Brothers Co., C. C., 87 F. 35, 37, 38; McLendon v. City of LaGrange, 47 Ga.App. 690, 691 (3), 171 S.E. 307, and cases cited; Tyler v. Kemp, 147 Ga. 502, 94 S.E. 1003. While a jury 'has no right arbitrarily to ignore or discredit the testimony of unimpeached witnesses, so far as they testify to facts, and that a willful disregard of such testimony will be ground for a new trial, no such

obligation attaches to witnesses who testify merely to their opinion; and the jury may deal with it as they please, giving it credence or not as their own experience or general knowledge of the subject may dictate. * * * The jury, even if such testimony be uncontradicted, may exercise their independent judgment.' The Conqueror, 166 U.S. 110, 111, 131–133, 17 S.Ct. 510, 518, 41 L.Ed. 937. See, also, Head v. Hargrave, 105 U.S. 45, 50, 51, 26 L.Ed. 1028.

"The motion for new trial is overruled."

The testimony of the witness Spice, a well-qualified geologist of wide experience called in this case as an expert witness by the government, was clear and definite upon the facts relating to the probability of the production of oil in paying quantities from the lands in question and was doubtless given great weight by the jury. The jury had that exclusive right and their findings on such question should not be disturbed.

The court in this case being of the opinion that the defendants had a full and fair trial and that no error was committed therein which necessitates a new trial herein, the said motion for a new trial is hereby overruled.

The clerk will notify counsel for all parties of record herein.