UNITED STATES of America,
Plaintiff,

v.

LOT 800 IN SQUARE 1928, CONTAINING 5,967.79 SQUARE FEET MORE OR LESS, IN DISTRICT OF COLUMBIA, and American Oil Co. et al., and unknown owners, Defendants.

No. 28–58.

United States District Court
District of Columbia.

Jan. 22, 1959.

Robert R. MacLeod, D. H. Blackwelder, and Anthony C. Liotta, Washington, D. C., for the United States.

Perry S. Patterson, Herbert J. Miller, Jr., and Raymond G. Larroca, Washington, D. C., for defendant American Oil Co.

SIRICA, District Judge.

The United States of America, plaintiff, at the request of the National Capital Planning Commission, filed an action in this court on October 9, 1958 for the taking of property under the power of eminent domain and for the ascertainment and award of just compensation to the owners and parties in interest. Trial by jury of the issue of just compensation was demanded by plaintiff.

In its complaint, it is alleged that plaintiff's authority for taking is the Act of Congress of March 1, 1929 (45 Stat. 1415 et seq.), as amended, D.C. Code 1951, § 16–619 et seq., and the Acts of Congress of June 6, 1924 (43 Stat. 463) and April 30, 1926 (44 Stat. 374) as amended by the Act of July 19, 1952 (66 Stat. 781), 40 U.S.C.A. § 71 et seq. establishing the National Capital Planning Commission, and the Act of Congress of May 29, 1930 (46 Stat. 482). The use for which the land is taken is the comprehensive development of the park, parkway and playground system of the

National Capital. The property involved in this proceeding is located at the southeast corner of Wisconsin and Massachusetts Avenues, Northwest.

On the same date the complaint was filed, namely, October 9, 1958, Harland Bartholomew, Chairman of the National Capital Planning Commission filed a declaration of taking in this court stating that by direction of the Commission and pursuant to the Acts of Congress heretofore referred to, the described property was being taken for public use and was to be used as a part of the park and parkway system in the District. The Commission estimated that the amount of $128,250 was just compensation for the land taken, with all buildings and improvements thereon, and all appurtenances thereto. This sum has been deposited in the registry of the Court.

In its answer defendant admits ownership of the land in question and states that, because of its strategic location at the intersection of two major highways, defendant's gasoline service station is a highly profitable enterprise that brings large profits to defendant and substantial taxes to the Federal Government and to the District of Columbia. The answer also alleges that the declaration of taking is outside the scope of the Commission's authority as set forth in 40 U.S.C.A. § 72, and that, in any event, the plaintiff's claim for immediate possession is unauthorized since the Commission does not presently have appropriated funds in order to convert the land for authorized public purposes. Defendant also contends that the sum of $128,250 estimated by the United States does not constitute just or adequate compensation for the property.

### Motions Filed by Plaintiff

The plaintiff has filed four motions in the alternative: under 12(c) of the Federal Rules of Civil Procedure, 28 U.S.C. for judgment on the pleadings; under Rule 12(d) to dismiss the answer for failure to state a claim; under Rule 12(f) to strike all of the answer except paragraph 1; or under Rule 56 for a summary judgment. Plaintiff states the grounds for these alternative motions as follows:

"1. The Acts of Congress set forth in the Complaint constitute clear authority for the acquisition by condemnation of the lands here involved for the uses set forth therein. The allegations in defendant's answer set forth erroneous assumptions or conclusions of law or fact or of law and fact.

"2. Plaintiff is entitled to possession of defendant's lands as a matter of right.

"3. The Order for Delivery of Possession was obtained according to law.

"4. The asserted objections and defenses set forth in defendant's answer do not constitute valid and legal defenses to the taking of said property or to the delivery of possession of lands herein to plaintiff and fail to set forth a valid claim upon which the relief sought by defendant, can be granted.

"5. There is no genuine issue between plaintiff and said defendant as to any material fact, and plaintiff is entitled as a matter of law to judgment on the issue of the right of the Government to condemn the lands herein involved."

■ The Court will treat the motion as one for summary judgment.

The defendant contends that Title 16, §§ 619–644 of the District of Columbia Code is not applicable to condemnation actions by the Commission in the absence of repeal of 40 U.S.C.A. § 72. Defendant further states that the mere fact that the general condemnation statute (Title 16, § 619, D.C.Code, 1951 Ed.) was passed subsequent to the enactment of 40 U.S.C.A. § 72 is of no legal significance.

■ The Court disagrees with this contention. It is the opinion of the Court that the Acts of Congress set forth in the complaint and declaration of taking constitute clear authority for the acquisition by condemnation of the proper-

ty herein involved for the uses described in the complaint, and that the plaintiff is proceeding properly in this litigation.

■ The National Capital Park and Planning Commission Act of 1924, (43 Stat. 463) as amended, 40 U.S.C.A. § 71 et seq., gives the Commission the power to condemn the property involved herein for the purpose set forth in the Complaint. Title 16, § 619 of the District of Columbia Code also relied upon by plaintiff states as follows:

"Whenever the head of any executive department or independent bureau, or other officer of the United States, or any board or commission of the United States, hereinafter referred to as the acquiring authority, has been, or hereafter shall be, authorized by law to acquire real property in the District of Columbia for the construction of any public building or work, or for parks, parkways, public playgrounds, or any other public purpose, such acquiring authority shall be and hereby is, authorized to acquire the same in the name of the United States by condemnation under judicial process whenever in the opinion of such acquiring authority it is necessary or advantageous so to do; and in every such case the Attorney General of the United States, upon the request of such acquiring authority, shall cause a proceeding in rem for such condemnation to be instituted in the District Court of the United States for the District of Columbia, holding a special term as a District Court of the United States, which court is hereby vested with jurisdiction of all such cases of condemnation with full power to hear and determine all issues of law and fact that may arise in the same."

The Court finds that the plaintiff is proceeding legally and properly and pursuant to Title 16, §§ 619–644 of the District of Columbia Code.

However, the defendant argues that the language of 40 U.S.C. § 72, authorizing condemnation for park, parkway and playground uses by the Commission specifically requires it to follow the procedures set forth in the Act of August 30, 1890, 26 Stat. 412 (formerly 40 U.S.C. § 120), which does not authorize a declaration of taking by the Commission. This contention might be correct if it could be held that the 1890 statute were operative today. However, it is not. The tables in the official edition of the U.S.Code, 1952 Edition, at page 8131, reveal that this statute has been eliminated from the Code as being obsolete and superseded. Why this was done may be understood by referring to Willis v. United States, 1938, 69 App. D.C. 129, 99 F.2d 362. The late Justice Vinson there traced the history of condemnation procedure in the District of Columbia. At page 130 of 69 App.D.C., at page 363 of 99 F.2d, it is stated:

"The statutes relative to the condemnation of land in the District of Columbia are evolutions of several prior acts of Congress. Until 1929, the same procedure was provided for both the United States and the District of Columbia * * * The Act of August 30, 1890, 26 Stat. 412, 413, § 3, 40 U.S.C.A. § 120, set out the procedure for the taking by condemnation of private property in the District of Columbia * * *. On March 1, 1929, Congress changed the method or procedure in condemnation cases in the District of Columbia. Different methods were provided for the United States (45 Stat. 1415, c. 416 [now D.C.Code, Title 16, §§ 619–644]) and for the District of Columbia (45 Stat. 1437, c. 439 [now D.C.Code, Title 16, §§ 601–604])."

Thus it is clear that D.C.Code, 16–619 et seq., is the controlling statute here and the plaintiff has conformed to its provisions.

■ The Court also finds that the Commission has monies available to compensate defendant for its property. At the present time there is on deposit in the registry of this court the sum of $128,250 which is the amount of money

estimated by the Commission to be just compensation for the property taken. Undoubtedly this money was intended by Congress for the purchase of the land involved, which is to be used for the purpose stated by the Government.

 Defendants also resist the plaintiff's motion for summary judgment by asserting in both of its memoranda of points and authorities that certain genuine issues of material fact exist in this litigation. The fact issues claimed to exist are not properly set forth in the answer or by means of affidavit but are merely listed at page 7 of both of defendant's memoranda. Furthermore, this list does not consist of specific allegations or statements of fact but rather they are merely speculative questions as to what procedures might or might not have been followed by the Commission in instituting this action. By reason of their source and their nature, these questions do not form a sound basis for determining that a genuine issue of material fact exists in this case. Even factual statements made in legal memoranda or points and authorities cannot be given the dignity of allegations in the pleadings or statements made by affidavit or by deposition. Goldman v. Summerfield, 1954, 94 U.S.App.D.C. 209, 214 F.2d 858. In addition, as Judge Fahy stated in Dewey v. Clark, 1950, 86 U.S.App.D.C. 137, at page 143, 180 F.2d 766, at page 772:

"* * * There may be no genuine issue even though there is a formal issue. Neither a purely formal denial nor, in every case, general allegations, defeat summary judgment * * * formalism is not a substitute for the necessity of a real or genuine issue."

Thus, from a consideration of the pleadings, it would appear that there are no material issues of fact here.

### Conclusion

The objections and defenses set forth in defendants' answer do not constitute valid and legal defenses to the taking of its property or to the delivery of possession of the property involved herein to plaintiff and fails to set forth a valid claim upon which the relief sought by defendant can be granted. There is no genuine issue as to any material fact and the plaintiff is entitled to a judgment as a matter of law. Motion for summary judgment is granted.

Counsel for plaintiff will prepare an appropriate order in accordance with this opinion.