James V. HUGHES

v.

HEMINGWAY TRANSPORT, INC.

Civ. A. No. 80–4818.

United States District Court,
E. D. Pennsylvania.

March 17, 1982.

Patricia A. Mattern, Rawle & Henderson, Philadelphia, Pa., for plaintiff.

James D. Hilly, Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION

WEINER, District Judge.

This diversity action for personal injuries was tried to the court sitting with a jury.

The jury returned a verdict in favor of the defendant.[1] Presently before the court is the motion of the plaintiff for a new trial. For the reasons which follow, the motion is denied.

The plaintiff sets forth eight grounds for new trial. The first is that the court refused plaintiff's request to send documentary evidence out to the jury.

During the trial, plaintiff offered six documentary exhibits into evidence. These were accepted by the court. The plaintiff's counsel failed to request that the exhibits be sent out with the jury until sometime after the jury began its deliberations. At the time of the request by plaintiff's counsel, defendant's counsel could not be located. Consequently, the court denied the request.

Preliminarily, plaintiff asserts that as this is a diversity action, the court must look to the substantive law of Pennsylvania in determining whether plaintiff's exhibits were properly withheld from the jury. (Memorandum of Authorities Supporting Plaintiff's Motion for a New Trial at 4, hereinafter "Plaintiff's Memorandum"). In support of this assertion, plaintiff relies on *Shane v. Warner Mfg. Corp.*, 229 F.2d 207 (3d Cir.), *cert. dismissed*, 351 U.S. 959, 76 S.Ct. 860, 100 L.Ed. 1481 (1956) *("Shane")*. Plaintiff then argues that under Pennsylvania law, while the trial court may exercise a modicum of discretion in ruling on which exhibits will be sent to the jury, "the court may not withhold exhibits admitted into evidence from the jury without cause." (Plaintiff's Memorandum at 5). Plaintiff argues, finally, that the unavailability of defendant's counsel was insufficient cause for denying plaintiff's counsel's belated request to submit the exhibits to the jury, and that the denial constitutes an abuse of the court's discretion. Again, plaintiff refers to Pennsylvania authorities to support his position.

At the outset we observe that federal and not Pennsylvania law controls our determination of the issue under consideration. *Shane* was decided prior to the promulgation of both the Federal Rules of Evidence and significant amendments to the Federal Rules of Civil Procedure.[2] The Rules of Evidence are to be applied in diversity actions with the exception of certain rules which refer back to parallel state rules. Fed.R.Evid. 1101(b); *Johnson v. William C. Ellis & Sons Iron Works*, 609 F.2d 820, 821–22 (5th Cir. 1980). In addition, federal law governs all other procedural matters in diversity cases. *Ballou v. Henri Studios, Inc.*, 656 F.2d 1147, 1153 (5th Cir. 1981). This is so even in the absence of a pertinent federal rule:

> One of the shaping purposes of the Federal Rules is to bring about uniformity in the federal courts by getting away from local rules. This is especially true of matters which relate to the administration of legal proceedings, an area in which federal courts have traditionally exerted strong inherent power, completely aside from the powers Congress expressly conferred in the Rules.

*Hanna v. Plumer*, 380 U.S. 460, 472–73, 85 S.Ct. 1136, 1145, 14 L.Ed.2d 8 (1965) (quoting *Lumbermen's Mutual Casualty Co. v. Wright*, 322 F.2d 759, 764 (5th Cir. 1963)).

Plaintiff refers repeatedly to the *substantive* law of Pennsylvania governing the submission of exhibits to the jury. Apparently, as plaintiff understands *Shane*, state law pertaining to this issue was applied because the matter was substantive in nature thus requiring the application of the doctrine enunciated in *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) *("Erie")*. Plaintiff has misinterpreted the case. At the time *Shane* was decided, former Civil Rule 43(a) governed the matter of submission of exhibits to the jury. Rule 43(a) provided, *inter alia*, that evidence was

---

1. The jury was out a very short time before reaching the verdict. The Court Stenographer's notes and the U. S. Marshal's records indicate that the jury went out at 12:00 noon and returned the verdict at 12:15 p. m.

2. The Rules of Evidence became effective in 1975; substantial amendments to the Rules of Civil Procedure were enacted in 1961, 1963, 1966 and 1970.

admissible "under the rules of evidence applied in the courts of general jurisdiction of the state in which the United States court is held." *See*, Wright, Law of Federal Courts, § 93 (3d ed. 1976). Thus, the court in *Shane* applied state procedural, rather than substantive, law in deciding the case. Former Rule 43(a) was superseded in 1975 by the Federal Rules of Evidence. *See*, Wright, Law of Federal Courts at 456–57.

None of the Federal Rules of Evidence or Civil Procedure pertain to the submission of exhibits to the jury. Accordingly, we are confronted with a situation similar to that addressed in *Erie*. There, the Supreme Court, in construing the "Rules of Decision Act," Judiciary Act of 1789, § 34, 1 Stat. 92, held that federal courts sitting in diversity cases are bound by state decisional as well as state statutory law when deciding questions of a substantive nature. *See*, *Erie* at 78, 58 S.Ct. at 822. *Erie* has been construed in subsequent case law to stand for the broader proposition that in diversity suits, federal courts are to apply state substantive law and federal procedural law. *Hanna v. Plumer*, 380 U.S. at 465, 85 S.Ct. at 1140. Substance-procedure distinctions are to be made with reference to the "twin aims of *Erie* : discouragement of forum shopping and inequitable administration of the laws." *Id.* at 465–68, 85 S.Ct. at 1140–42.

Variations in state and federal practice with regard to the submission of exhibits to the jury are not substantial and, in any case, are unlikely to influence the plaintiff's choice of forum. Accordingly, any rule governing the matter is clearly procedural and controlled by federal law.

■ The determination as to whether the jury will be permitted to take exhibits to their deliberation room lies within the sound discretion of the trial court. *United States v. Gross*, 451 F.2d 1355, 1359 (9th Cir. 1971); *Murray v. United States*, 130 F.2d 442, 444 (D.C.Cir.1942); *Chuy v. Philadelphia Eagles Football Club*, 431 F.Supp. 254, 268 (E.D.Pa.1977), *aff'd*, 595 F.2d 1265 (3 Cir. 1979); *Green v. Philadelphia Gas Works*, 333 F.Supp. 1398, 1405 (E.D.Pa. 1971), *aff'd*, 478 F.2d 313 (3 Cir. 1973).

It follows, then, that the court may deny a request by counsel to send certain exhibits to the jury room for use during deliberation. *United States v. Taylor*, 480 F.2d 618, 619 (5th Cir. 1973). Such a denial does not constitute an abuse of judicial discretion absent a showing that the exclusion of evidence was prejudicial. *See*, *Leathers v. United States*, 471 F.2d 856, 863 (9th Cir. 1972); *Murray v. United States*, 130 F.2d at 444.

■ Here, the plaintiff has not shown the court how he was prejudiced but rather concludes that the fact that the jury returned a verdict against him on the liability issue confirms the importance of the exhibits. We do not agree.

The documents referred to by the plaintiff were introduced by plaintiff at trial, discussed during trial testimony and commented on in great detail by both plaintiff's and defendant's attorneys during their closing arguments to the jury. Only after the jury had retired to begin its deliberations, and the defendant's counsel had left the courtroom, did plaintiff's counsel make the request to the court to have the documents in question submitted to the jury in the jury room. Since defendant's counsel could not be located at that time, the court refused plaintiff's request.

Very shortly thereafter, the jury returned with its verdict. The jury never requested that it be provided with the exhibits during deliberation. Therefore, the court concludes that the jury understood the evidence and rendered its verdict accordingly. We thus hold that our denial of plaintiff's counsel's request to send plaintiff's exhibits to the jury room did not constitute an abuse of judicial discretion.

Plaintiff's second ground for a new trial is that this court erred in finding that Thomas P. Walsh was not qualified to give expert testimony on plaintiff's behalf.

Under Rule 702 of the Federal Rules of Evidence, which codifies the common law, an "[expert] witness must have such skill, knowledge and experience in the field or calling as to make it appear that his opinion

or inference will probably aid the trier in his search for truth." *Jenkins v. United States*, 307 F.2d 637, 643 (D.C.Cir.1962) (quoting McCormick, Evidence § 13 (1954) ). *See also, Universal Athletic Sales Co. v. American Gym, Etc.*, 546 F.2d 530, 537 (3d Cir. 1976), *cert. denied sub nom. Super Athletics Corp. et al. v. Universal Athletic Sales Co. et al.*, 430 U.S. 984, 97 S.Ct. 1681, 52 L.Ed.2d 378 (1977).

█ The crucial factors with respect to admissability of "expert" testimony are the "actual experience of the witness and the probative value of his opinion." *Jenkins v. United States* at 647.

The law is well settled that "[t]he qualification of an expert is a matter peculiarly within the discretion of the trial judge." *Arnold v. Loose*, 352 F.2d 959, 962 (3d Cir. 1965) (quoting *Trowbridge v. Abrasive Co. of Philadelphia*, 190 F.2d 825, 829 (3d Cir. 1951). *See also, Caisson v. Ingersoll-Rand Co.*, 622 F.2d 672, 682 (3d Cir. 1980). Thus, "[q]ualifications to express an opinion on a given topic are to be decided by the judge alone; [t]he weight to be given any expert opinion admitted in evidence by the judge is exclusively for the jury." *Jenkins v. United States*, 307 F.2d at 646. *See also, Admiral Theatre Corp. v. Douglas Theatre Co.*, 437 F.Supp. 1268, 1297 (D.Neb.1977), *aff'd*, 585 F.2d 877 (8th Cir. 1978).

The determination of the trial court with respect to the admission or exclusion of expert testimony is to be sustained unless "manifestly erroneous." *Salem v. United States Lines Co.*, 370 U.S. 31, 35, 82 S.Ct. 1119, 1122, 8 L.Ed.2d 313 (1962); *Caisson Corp. v. Ingersoll-Rand Co.*, 622 F.2d at 682; *Universal Athletic Sales Co. v. American Gym, Etc.*, 546 F.2d at 537.

It follows then, that the trial court's decision with respect to a witness' qualifications to testify as an expert will not be disturbed on review absent a clear abuse of discretion. *Knight v. Otis Elevator Co.*, 596 F.2d 84, 87 (3d Cir. 1979); *Universal Athletic Sales Co. v. American Gym, Etc.*, at 537.

█ In the case *sub judice*, the court ordered Mr. Walsh's deposition for the purpose of eliciting his qualifications to give expert testimony. Following an exhaustive inquiry into those qualifications, we concluded that Mr. Walsh had neither the appropriate experience, training nor education to give his opinion as to whether the defendant used proper techniques for controlling a skidding tractor-trailer during icy conditions.

Specifically, Mr. Walsh testified that he did not have either a scientific or engineering background; that he was unable to calculate the coefficient of friction on the roadway at the time of the accident. (Deposition at 3, 15, 18, 20). *See, Flick v. James Monfredo, Inc.*, 356 F.Supp. 1143, 1149 (E.D. Pa.), *aff'd*, 487 F.2d 1394 (3 Cir. 1973).[3] Mr. Walsh's "expertise" in the area of proper tractor-trailer driving techniques in general and skid control in particular, was acquired exclusively through training provided by his employer, United Parcel Service. Given the limited nature of Mr. Walsh's training and experience in these areas, exclusion of his opinion testimony was entirely proper and therefore, does not warrant a new trial.

We have considered plaintiff's remaining grounds and find them likewise to be without merit. Specifically, plaintiff contends that the court erred in refusing to permit Mr. Walsh to testify that his company would have provided instruction on skid control to a driver having the defendant's experience and in refusing to permit Mr. Walsh to show to the jury a film entitled "Skids Can Be Controlled." For the reasons heretofore discussed, we find that our refusal to permit Mr. Walsh to testify and show the film was not error.

Plaintiff's unsubstantiated contentions, presented without any elaboration, that the court erred in not instructing the jury that

---

**3.** The case involved a collision of a motorcycle and tractor-trailer truck. The court held that it was not error to prohibit the witness' opinion regarding plaintiff motorcyclist's speed at the time of the accident where the witness had no independent knowledge of the coefficients of friction prepared by a third party and used in making the necessary calculations or whether the coefficient was appropriate under the circumstances of the case.

failure to place flares on the highway in accordance with federal regulations constitutes negligence per se and, further, inadequately instructed the jury concerning comparative negligence are equally without merit. Our charge to the jury contained complete and adequate instructions regarding the elements of both negligence and comparative negligence, from which the jury could make an informed finding.

Finally, plaintiff charges that the jury's verdict was against the weight of the evidence and contrary to law. However, the record unequivocally shows that the verdict was supported both by a preponderance of the evidence and pertinent legal principles. We see no reason to upset the jury's conclusion that plaintiff failed to satisfy his burden of proof.

Accordingly, plaintiff's motion for new trial is denied.