WILLACY COUNTY DRAINAGE
DISTRICT NO. ONE, Appellant,

v.

Rosalie Zdansky KOCUREK, Lyford Independent School District, Willacy County, Texas, and the State of Texas, Appellees.

No. 13–86–025–CV.

Court of Appeals of Texas,
Corpus Christi.

Sept. 18, 1986.

Jim Denison, Harlingen, for appellant.
Rosalie Zdansky Kocurek, pro se.

Before DORSEY, UTTER and BENAVIDES, JJ.

## OPINION

DORSEY, Justice.

This is an appeal by the condemning authority from an award complaining of the amount of damages awarded by the trial court sitting without the aid of jury for the condemnation of a drainage easement.

The condemned land, owned by Mrs. Kocurek as her separate property, is part of a 40–acre tract of farm land located three miles east of Lyford, Texas. Prior to this condemnation, the property had a preexisting 30–foot drainage easement and a 20–foot road right-of-way on its north side, and a 20–foot road right-of-way on the east side. The appellant drainage district sought to condemn a 120–foot tract on the north to combine with the preexisting drainage easement for a 150–foot drainage

easement to extend the full width of the property, 1,320 feet. The trial court included the following diagram of the property in its findings of fact:

Appellant disputes the trial court's findings on the value of the land by "no evidence," "insufficient evidence," and "against the great weight and preponderance of the evidence" contentions. The gist of all of appellant's complaints is that the trial court based its award on a value of $2,500.00 per acre, when the only evidence was $1,400.00 per acre. The award of the trial judge was based on his viewing the property.[1]

The trial court's findings and conclusions complained of by appellant, are as follows, with our emphasis added:

13. The value of the tract of land taken, *determined by the Court by view and inspection* is $2,500.00 per acre; $8,950.00 for the 3.58 net acres taken.

14. The diminution in value to the remaining tract by reason of the narrow north parcel being separated from the larger farm tract is $757.50; and, the diminution in value to the larger parcel by reason of no possibility of future access to the public road on the north is in the amount of $2,500.00, all *as determined by the Court by view and inspection.*

### CONCLUSIONS OF LAW

1. In this Eminent Domain proceedings where Kocurek was not represented by counsel and, as reflected by the record, virtually helpless in presenting admissable [sic] relevant evidence; and District was represented by a succession of counsel exhibiting

[1] The propriety of the factfinder viewing the property in aid of his decision as to value is not before us as a point of error. The parties agreed that the trial court could view and inspect the property prior to his deciding its value.

a disquieting lack of familiarity with the case; and, the court having with the consent of all parties visited and inspected the land *and formed its own conclusions*, the Court is entitled to grant judgment as to the value of the tract taken and diminution in value of the remainder *based upon its determinations made on the basis of such visit and inspection.* *Van De Putte v. Cameron County W.C. and Imp. Dist. No. 7*, 35 S.W.2d 471; *Murray v. United States*, 130 F.2d 442 (1942); 1 LR 3rd 1397, 32 Tex.Jur.3rd 440.

2. Rosalie Zdansky Kocurek is entitled to recover judgment against the Willacy County Drainage District No. 1 in the total sum of $12,207.50 being $8,950.00 for the value of the tract taken and $3,257.50 in diminution to the value to the remainder, together with interest from the date of the taking. September 22, 1983.

The appellee landowner appeared in the court below and here *pro se*, and we are thus without benefit of briefing or argument in support of her position, as was the trial judge.

The issue is whether the viewing of the property by the factfinder constitutes evidence so as to provide the sole basis of the factfinder's determination. The learned trial judge, in his conclusions of law recited above, cites authority for that proposition. Indeed, the San Antonio Court of Civil Appeals in *Van De Putte v. Cameron County Water Control and Improvement District No. 7*, 35 S.W.2d 471, 473 (Tex.Civ.App.—San Antonio 1931, no writ) states, "The fact that the jury visited the premises is alone sufficient to sustain the verdict...."

However, we do not believe the facts and holding in *Van De Putte* necessitate that statement, and it should be viewed as dictum. *Van De Putte* involved a drainage and irrigation ditch that ran from a lake on the landowner's property. The landowner maintained that his lake was drained and, as a result, his tract of land suffered a dimunition in value, and testified accordingly. The expert witnesses called by the condemning authority disagreed and testified generally that the land's value would be enhanced by the draining of the water, as it was worthless before the ditch was constructed. "There was testimony that the land was worth practically nothing, that it was worth little, that it was worth $1,000.00 per acre, and that it was worth $1,500.00 per acre; and the jury of twelve men presiding in that community, found to have a general knowledge and understanding of land values there, after hearing the testimony, visited the premises and made a personal summary of the land, then returned the valuation of the land per acre at $250.00." *Van De Putte* at 473.

Essentially, there was a substantial dispute over the value of the fences on the Van De Putte tract such that the jury's viewing the premises aided the jury in their determination of value. However, the dimunition in value that the jury determined was supported by evidence other than their viewing the premises.

The decision in *Van De Putte* is one of the few cases in the jurisprudence of Texas that endorsed a view of the property by the jury. The bulk of Texas law was to the contrary since 1875 in *Smith v. State*, 42 Tex. 444 (1875). When the Supreme Court held that the trial court erred in allowing the jury to view a sow when her markings were disputed as an indication of ownership. *See*, Wendorf, *Some Views on Jury Views*, 15 Baylor Law Review 379 (1968); Comment, *Is Jury View Recognized in Texas?*, 1 South Texas Law Journal 180. *See also*, Annot. 1 A.L.R.3d 1397. We, however, are not called upon to decide whether viewing the property to aid the trial judge in deciding value was proper.

■ In condemnation cases, the factfinder may select from the testimony on the question of value and set the value at any amount between the highest and lowest expressed by the experts and may blend all the evidence admitted before it. *Tenngasco Gas Gathering Co. v. Bates*, 645 S.W.2d 496, 498 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.); *Central Power & Light*

*v. Martinez,* 493 S.W.2d 903, 908 (Tex.Civ. App.—Corpus Christi 1973, no writ).

■ In reviewing the record in a condemnation suit, we must determine if there has been a significant departure by the factfinder from the range of expert testimony and reverse the judgment only if the findings are so against the great weight and preponderance of the evidence as to be clearly wrong. *Pedernales Electric Cooperative, Inc. v. Baker,* 685 S.W.2d 459, 460 (Tex.App.—Austin 1985, no writ); *Leiber v. Texas Municipal Power Agency,* 667 S.W.2d 206, 209 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.).

Only one expert witness testified as to the value of the condemned land. Mr. John Malcom, a real estate appraiser hired by the drainage district, testified that the Kocurek property had a value of $1,400.00 an acre, or $5,012.00 for the 3.58 acres taken. Mr. Malcom further testified that the remaining property was not damaged by the condemnation.

Mr. Malcom's opinion was based on his on-site inspection of the property and the identification and comparison of comparable sales in the area. He identified eleven comparable sales which ranged from $1,100.00 to $1,800.00 an acre and took into consideration the availability of utilities, paved or dirt roads, and soil quality before arriving at his conclusion that the Kocurek property had a value of $1,400.00 an acre. There was no other competent evidence as to the value of the property taken.

Mr. Kocurek, the husband of appellee, who is neither the landowner nor an expert appraiser, testified that he had tried to find farm land in the past and the least expensive large tracts were about $2,000.00 an acre. Mr. Kocurek at no time testified to any comparable sales nor did he testify that $2,000.00 an acre was the value of the property in question. At the conclusion of the testimony, the Court inquired of the parties whether they objected to the trial judge viewing the property. They did not object.

At a later hearing, a plat of the property was introduced and explained, which showed the location on the property of the drainage ditch and road right-of-ways. At the conclusion of the hearing, the trial court announced that it would award damages for the 3.58 acres taken on the basis of $2,500.00 an acre. This award was based, according to the findings of fact and conclusions of law, solely upon the trial court's independent viewing of the property.

■ We hold that the value found by the trial judge must be supported by evidence properly introduced. *Pedernales Electric Cooperative, Inc. v. Baker, supra; Tenngasco Gas Gathering Co. v. Bates, supra.* The viewing of the premises does not in itself constitute evidence.

■ As the value arrived at by the factfinder was not within the range for which there was competent evidence, we must hold that there was no evidence to support the finding and thus sustain appellant's points of error one, two, and six. We reverse the judgment below and, in the interest of justice, remand for new trial.